## ADAMS *v.* HASKELL & WOODS.

Receivers, or other custodians of money in the hands of a Court, who are receivers except in name, as they are bound to obey the orders of the Court in their relation to the fund, as well as regards its safe custody as its return, are correlatively entitled to the protection of the Court against loss for disbursements which were necessary and proper, and such as a reasonable and prudent man, acting as receiver, would have been justified in expending.

It follows, that an order of Court directing a referee "to ascertain and report the amount of disbursements and expenses made with, or under the direction and authority of the Court," by a receiver or custodian of money in the hands of the Court, is too narrow to do him justice, and should be so enlarged as to allow for all reasonable and proper expenses incident to the receivership.

And this, although the claim is for disbursements, etc., incurred by the custodian of the fund, under an appointment as assignee in a proceeding in insolvency, which was afterwards held to be void.

APPEAL from the District Court of the Fourth Judicial District.

This was a proceeding upon the petition of intervention of Richard Roman, Edward Jones and A. A. Cohen, in this cause, setting forth that the petitioners had been duly appointed the assignees in insolvency of the defendant Woods, and had received from him a surrender of a

large amount of property belonging to the firm of Adams & Co., whereof the plaintiff Adams, and the defendants Haskell & Woods were members, and had retained the custody and charge of said property, until by an order of the Court below, of January 30th, 1856, they paid over, or secured to the receiver appointed by the Court in this action, the sum of $150,783 82, and other property forming part of said assets, under a reservation in said order of all just claims and liens in favor of the petitioners on or against said fund.

The petition further represents that the petitioners had been subjected to heavy expenses, and had made large disbursements in the protection of said fund, while in their hands, and had rendered and performed important services in that behalf, of which they render an account in a schedule annexed to their petition, the sum total amounting to $41,591 80.

Upon this petition, the Court below made an order appointing a referee, and directing him to " ascertain and report the amount of disbursements and expenses made with or under the direction and authority of this Court, by said Cohen, Roman and Jones, prior to the order heretofore made upon them to pay over said funds to H. M. Naglee, receiver."

In pursuance of this order, the referee reported the amount of three thousand dollars paid to William Duer, C. T. Emmet and William G. Wood, referees, per order of Judge Lake, being the first three items of the schedule annexed to the petition of the intervenors, as being " the amount paid with or under the direction and authority of the Court."

The Court below entered an order confirming the report of the referee, and directing the receiver to pay the amount allowed by the referee to the intervenors, from which order the intervenors appealed.

The connection of the intervenors with this case will be found fully set forth in the former report of this case, the record of which is made, by stipulation, a part of this.

*Robinson, Beatty & Botts* for Appellants.

*H. P. Hepburn* for H. M. Naglee, Receiver.

Cohen, Roman & Jones never were, in point of fact, trustees; that the proceedings or pretended proceedings under which they acted, were utterly illegal and void, for the reason that Adams & Co. were bankers, and as such, not entitled to petition for the benefit of the insolvent laws.

All the proceedings in insolvency were therefore *coram non judice*, the order appointing the intervenors assignees, among the rest. It may therefore be a hard case for them, if they made disbursements in and about the funds in their hands, on the supposition that they stood in a *fiduciary* relation to it. The fact nevertheless still remains, that they did not stand in this relation, and they can therefore claim no benefit from it.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

When this case was here, upon appeal by the intervenors from an order directing them to pay over to the receiver the funds, which they had received as assignees in bankruptcy, we decided, that in consequence of the proceedings in bankruptcy being *coram non judice*, they held the fund which they had obtained by the order of the Court, as the custodians of the Court. There was nothing indeed, except the name, in which they differed in character from regularly appointed receivers. Had we not taken this view of their condition, we could not have sustained the summary order of the Court requiring them to pay the money to the receiver, and which, in the event of their refusal, subjected them to the penalties of contempt. They would simply have been liable to be sued for the money like any other creditor.

It follows necessarily, that as they were bound to obey the orders of the chancellor in their relation to the fund, as well as regarded its safe custody as its return, they are correlatively entitled to the protection of the Court against all loss for disbursements which were necessary and proper, and such as a reasonable and prudent man, acting as receiver, would have been justified and sustained in expending.

The order of the Court to the referee is too narrow to do complete justice to the intervenors, and it must be set aside. Another order must be made by the Court below, directing the referee to take evidence and report fully as to each item of the account of disbursements, the cause or services for which each was made by the intervenors, and the reasonableness of the price charged. Upon the report coming in, it will be subject to exceptions by both parties to the controversy, and upon such exceptions, it will be the duty of the Court to decide upon the merits of every disputed item of the account, and allow or disallow the same.