# NORTHLAND PINE COMPANY v. NORTHERN INSULATING COMPANY AND OTHERS.
## E. LUTHER MELIN, APPELLANT.
## PATRICK J. GALLAGHER, PURCHASER.[1]

June 3, 1921.

Nos. 22,144, 22,274, 22,275, 22,276.

**Receiver's account and attorney's fees.**

Questions concerning the allowance of a receiver's final account and fixing his fees and those of his attorney, rest largely in the discretion of the trial court. *Held*: That discretion was not abused. [Reporter.]

After the appeal reported in 145 Minn. 395, 177 N. W. 635, the matter of receiver's compensation and that of attorney's fees were submitted to Dickinson and Jelly, JJ., and fixed by them. From orders appointing a receiver, directing a sale of the property, allowing the receiver's final account, fixing his fees and those of his attorney, and refusing to vacate the order for the sale of the property and allowing the receiver's claim, intervener Melin appealed. Affirmed.

*E. Luther Melin*, pro se.
*Elijah Barton, A. B. Darelius* and *J. E. Tappan*, for respondents.

PER CURIAM.

The intervener appeals from four separate orders made at different times by the district court of Hennepin county. The appeals are: (1) From an order appointing the receiver; (2) from an order directing a sale of the property in question; (3) from an order allowing the receiver's final account and fixing his fees and those of his attorney, and (4) from an order refusing to vacate the order for the sale of the property and allowing the receiver's claim.

The matters embraced in the first two appeals referred to were fully considered and finally disposed of in 145 Minn. 395, 177 N. W. 635. The matters involved in the third appeal rest largely in the discretion of the trial court. In re State Bank, Insolvent, 57 Minn. 361, 59 N. W. 315; Olson v. State Bank, 72 Minn. 320, 75 N. W. 378. The receivership extended over a period of about two years. Many motions and court hearings were had. There was a large amount of property to care for and it appears to have been in a very unusual condition. Many of the transactions were conducted

[1]Reported in 183 N. W. 142.

under the direct supervision of the trial court and seem to have received close attention. The only new matters here for review relate to the allowance of the receiver's compensation and the attorney's fees. The claims were well itemized and are supplemented by affidavits and oral proofs. They were submitted to two of the judges of the district court, and, after some modification, allowed. The amount allowed was not such as to indicate an abuse of discretion, and we find no reason for disturbing the same.

With this view of that phase of the case it becomes unnecessary to discuss the fourth appeal, as it relates only to the validity of the other orders appealed from.

Affirmed.