## IN RE RECEIVERSHIP OF HILL FURNITURE COMPANY.[1]

December 16, 1927.

No. 26,414.

**No abuse of discretion in allowance of fees of receiver's attorney.**
The fixing and allowance of fees of an attorney for a receiver are largely in the discretion of the trial court and will not be disturbed except for an abuse of such discretion.

Receivers, 34 Cyc. p. 470 n. 28; p. 477 n. 95.

Jesse E. Greenman appealed from an order of the district court for Ramsey county, Boerner, J. fixing his fees as attorney for the receiver of the Hill Furniture Company. Affirmed.
*Frederick M. Catlin,* for appellant.
*Orr, Stark & Kidder,* for Jacob Blekkink, receiver.

PER CURIAM.
Appeal from an order of the district court of Ramsey county fixing and allowing the amount of fees of appellant for services rendered by him during the months of September and October, 1926, as attorney for Leo J. Burg, receiver of the Hill Furniture Company.

Burg was appointed receiver on September 4, upon a petition presented ex parte by appellant. The appointment was not satisfactory to a majority of the creditors. The appellant represented Burg upon matters counter to the interest of other creditors. Burg was removed and another was appointed receiver. On October 13 appellant filed his bill for his services for $1,000 and subsequently raised the amount thereof to $2,000. There was a hearing and the court allowed the bill in the sum of $400. From such order of allowance this appeal was taken upon the sole ground of abuse of discretion by the court.

It is well settled that the fixing of fees of an attorney in receivership matters is largely in the discretion of the trial court and will not be disturbed except for an abuse of such discretion. Northland Pine Co. v. Northern Insulating Co. 149 Minn. 499, 183 N. W. 142. The amount allowed was not such as to indicate an abuse of discretion, and we find no reason for disturbing the same.

Affirmed.

[1]Reported in 216 N. W. 784.