## PIERCE BUTLER AND OTHERS v. MARGARET BUTLER AND OTHERS.[1]

April 10, 1931.

No. 28,398.

*Oscar Hallam* and *Norbert Willwerscheid,* for appellants.

*P. J. Ryan,* for all defendants except appellants herein and Vernon, Rosemary, Walter, and Richard O'Connor (children of Effie Butler O'Connor) and Walter Butler (son of Robert Butler).

[1]Reported in 235 N. W. 918.

*M. J. Doherty, Wilfrid E. Rumble,* and *Charles Bunn,* for respondents.

DIBELL, J.

The defendant Walter Butler and others appealed from an order of the district court of Ramsey county allowing the counsel fees of the attorneys of the plaintiffs, trustees under the will of John Butler, deceased, at the sum of $21,000, payable out of the trust property. The plaintiff trustees prevailed in the court below and on appeal. Butler v. Butler, 180 Minn. 134, 230 N. W. 575.

The action was an important one. The estate was upwards of $2,730,000. The trustees were signally successful in the litigation. In the opinion on the appeal it is said that the contract which was sustained in the suit saved the estate $300,000. The case involved many questions, took a very considerable length of time in preparation and trial, and was skilfully presented by counsel on both sides.

The allowance of the $21,000 was made by the court which tried the case and was familiar with the details of the litigation. The application for the allowance of attorneys' fees asked no specific amount. There was no evidence of the value of the services. The court fixed the amount from its knowledge of the litigation and of the value of legal services. Two of the trustees are law partners of the attorneys of record for the trustees. This is assigned as a reason for not making an agreement as to the amount of fees and for presenting the petition for allowance to the trial court without specific proof. After the hearing the court was informed by a statement filed by the defendants now appealing that there was no objection to the court allowing such costs, disbursements, and attorneys' fees as were consistent with the terms of the testamentary trust embodied in the will. There had been specific objections filed to the disbursements. After the allowance of $21,000 as fees, nothing was done except the taking of this appeal.

We have held that the court in fixing counsel fees need not rely wholly upon the testimony of witnesses. It may take into consideration its knowledge of the value of legal services along

with its knowledge of the character and extent of those rendered. In re State Bank, 57 Minn. 361, 59 N. W. 315; Olson v. State Bank, 72 Minn. 320, 75 N. W. 378. We have not had a case precisely like this; but we see no reason for disturbing the result reached by the trial court. The record sustains the conclusion that the parties submitted the question of fees to the trial court without evidence. That is how the trial court understood it; and if there was a mistaken understanding aggrieved parties would have made it known. The trial court knew the extent and character of the legal services rendered. It was competent to fix their value.

It is not improper to note that we allowed counsel fees in this court, paid by the defendant Walter Butler, though he was unsuccessful, at $5,414.17, and the district court for services there allowed him $6,964.07. In both courts disbursements were allowed. And it may be noted that counsel for other defendants, who were in harmony with the claim of the plaintiff trustees, were allowed $5,000 in this court and $4,000 in the trial court.

Order affirmed.

