# IN RE TRUST CREATED UNDER WILL OF HENRY G. CARLETON.
## ALICE ANDRIST v. FIRST TRUST COMPANY OF SAINT PAUL.[1]

April 5, 1935.

No. 30,155.

*Clapp, Elmquist, Briggs, Gilbert & Macartney,* for appellant.
*Horace Van Valkenburg,* for respondent.

[1]Reported in 260 N. W. 229.

HILTON, JUSTICE.

The First Trust Company of Saint Paul, trustee under the last will and testament of Henry G. Carleton, deceased, appeals from an order denying its motion for amended findings of fact and conclusions of law, or, in the alternative, for a new trial. The sole question presented by the appeal is whether the trustee is entitled to have allowed and charged to the trust estate attorneys' fees and expenses incurred by the trustee in the defense of an action brought by beneficiaries against it to surcharge its account on the ground that it acted contrary to the terms of the will creating the trust, and that it was guilty of bad faith, wrongdoing, and negligence in the administration of the trust, the trustee prevailing at the trial on all issues.

On August 12, 1927, Henry G. Carleton died testate. Respondent herein was appointed and acted as executrix of his estate. February 13, 1929, a final accounting in said estate was had and a decree of distribution entered. No appeal was taken therefrom.

On February 23, 1929, there were assigned and set over to the Northwestern Trust Company, as trustee, among other assets, certain stocks to be held in trust under the provisions of the will. Among these stocks were certain shares in the following named corporations:

First National Bank of Minneapolis.
Northwest Bancorporation.
Pillsbury Flour Mills Company.

One-half of the shares in the Northwest Bancorporation were disposed of for cash in 1929. The balance thereof and all of the shares in the other two corporations were undisposed of. A very serious diminution in the market value of these shares of stock occurred. May 1, 1930, the trustee filed its first annual account, which after hearing was approved and allowed by the court. November 10, 1930, the Northwestern Trust Company and Merchants Trust Company merged and became the First Trust Company of Saint Paul, this appellant. Three other annual accounts were filed, each of which upon hearing was approved and allowed by the court.

In her own behalf and on behalf of her ward, Henry G. Carleton, Jr. (the two beneficiaries), respondent in August, 1933, filed a petition in the district court in which the trustee was charged with wrongdoing. In substance it was charged that the trustee had wrongfully, negligently, carelessly, and without regard to statute, its legal duties, and the declared powers and instructions contained in the will and the decree of distribution, mismanaged, wasted, and depleted the trust estate and wrongfully filed false accounts, to her damage and injury; had failed and refused to file proper inventories of the assets; and further alleged that item XIV of the will imposed a duty on the trustee to dispose of all of the shares of stock (hereinbefore specified) and that because of its failure to do so within a reasonable time after the inception of the trust, and because of the trustee's wrongful, careless, and negligent conduct, the beneficiaries had suffered damages in the amount of over $30,134. It was the purpose of the action to require the trustee to take the shares of stock in question out of the assets and replace them with the amount stated, and also to return to the trust estate $408.79 collected by the trustee for services. There was also in the petition a request, hereinafter referred to, for a new interpretation of the will and decree of distribution.

Appellant filed its answer denying all of the allegations above referred to and asserted a full performance of its duties. The reply was in effect a general denial. The court in its decision among other things found:

"From the inception of the Trust herein down to the present time the Trustee at all times kept accurate and complete records of the trust assets; maintained investment services concerning the market values of the stocks involved; obtained information from those closely connected with the corporations that had issued said stocks as to the business prospects of said corporations and the values of said stocks, and the said Trustee, through its officers and Board of Directors periodically reviewed and considered such information with respect to the administration, investment, management and the protection of the trust estate, including all the assets

therein and income therefrom; that said officers had extensive experience in the handling and management of similar trust estates and the said Trustee, through its said officers and Board of Directors, exercised reasonable diligence, care and prudence, and exercised its best judgment for the benefit of the trust estate with respect to the retention of the said 40 shares of stock in the Northwest Bancorporation and the 205 shares of stock in the First National Bank of Minneapolis, Minnesota, and the 8 shares of stock in the Pillsbury Flour Mills Company, and was guilty of no fraud, concealment, negligence, misconduct or fault with respect to the handling of said stocks."

The trial lasted five days. The attorneys for the trustee spent 21 days in preparation for and trial of the case and on the hearings of the various motions. The court dismissed the petition without granting any relief to petitioner. No appeal was taken from that decision. The court retained jurisdiction of the matter for the purpose of hearing testimony with respect of attorneys' fees. At a hearing thereon expert witnesses appeared and testified that the services rendered were reasonably worth $1,600. The trial court allowed $150 for the services rendered, such allowance being only for attorneys' fees necessarily rendered in establishing the correctness of annual accounts. It was of the opinion that no other items for attorneys' services should be considered or allowed.

The duties of the trustee are expressed in the first paragraph of item XIV of the will. It reads as follows:

"The trustee, hereinafter named, shall hold and manage the property hereinbefore given in trust as a trust fund; invest and reinvest the same in real estate mortgages, municipal bonds or any other form of income bearing property (but not in real estate nor common corporate stock). The trustee is hereby granted full power to sell, contract to sell, lease, mortgage, exchange or otherwise dispose of any or all of the property in the trust fund as it may deem proper, except that I do not wish said trustee to sell any stock in the Great Basin Oil Company without consent of my wife, Alice J. Carleton [respondent here, who had remarried]. It may employ

counsel and other agents in the discharge of its duties and determine and pay to them reasonable compensation."

The petitioner in her petition asked for an order and decree of the court "interpreting the trust provisions of said Last Will and Testament, pursuant to Chapter 286 Session Laws for 1933, and amending the order appointing said Trustee *nunc pro tunc* so that said order, when so amended will provide that the duration of said trust, and the respective interests of said beneficiaries and the rights, duties and obligations of said Trustee shall be as follows, to-wit:

"Said Trustee hereinbefore appointed, shall accept said trust and shall manage, administer, conserve and execute the same, * * *, but with the following rights and powers and subject to the following duties, obligations and liabilities, to-wit: to accept, hold and manage all of the property of said trust as a trust fund; to invest and re-invest the same in real estate mortgages, municipal bonds, or any other form of income bearing property, *provided however, said Trustee shall not invest or re-invest or retain beyond a reasonable time, any of the property of said estate in real estate nor in Common Corporate Stocks, * * *.*"

In an action at law to recover damages for negligence and wrongful acts, a prevailing defendant is only entitled to recover the items provided for in the statute, which do not include necessary attorneys' fees. That is true as regards an action by a patient for claimed malpractice by a physician; a dissatisfied client for alleged negligence of an attorney in the handling of legal work; or of a financial agent in the conduct of matters committed to him. The case at bar is readily distinguishable; the trusteeship involved was in a sense in court at all the times.

The trustee at once entered upon its duties and through successive years rendered annual accounts, approved in all respects by the district court. It was called upon to face the charges hereinbefore recited and upon a full hearing thereon had been completely absolved from all wrongdoing or negligence. It was necessary for the trustee to defend against the unfounded charges made against

214

it. As hereinbefore recited, among others, was the charge that the accounts as so rendered were wrong and inaccurate. The trial court was of the opinion that the trustee was entitled only to the reasonable value of the services of attorneys employed by it in preparing to defend the accuracy of those accounts and hence made an allowance only therefor, holding that for the other expenses incurred it could not recover. There was something more, however, in this case. There was a requested interpretation of the trust agreement set forth in the will. If interpreted as asked for by respondent, a new, more exacting duty would devolve upon the trustee. The respondent sought an interpretation of the clause prohibiting the investment or reinvestment in real estate or common corporate stock to also prohibit the retention beyond a reasonable time of such property as was originally in the trust estate; in other words, asserting that the trustee should have disposed of such real estate and common corporate stock within a reasonable time. For failure so to do it was here sought to have the trustee take out from the estate the stocks referred to and replace them with their money value within a reasonable time after February 23, 1929; also to return the $408.79 fees theretofore allowed by the court for services rendered.

With commendable frankness counsel for respondent states:

"Conceivably where all beneficiaries are opposed to the trustee, [they were here], if the court determines that the proceeding is sham and without any basis for the contention, the court might assess counsel fees by way of damages." He further says: "In the cited cases fees were allowed because the trustee was * * * justifying accountings filed, or * * * opposing a requested construction of the trust instrument."

Statements in the following cases are helpful on the propositions here involved. In re Cole's Estate, 102 Wis. 1, 78 N. W. 402, 72 A. S. R. 854; In re Trusteeship of Clark, 174 Iowa, 449, 154 N. W. 759, 156 N. W. 353; Jessup v. Smith, 223 N. Y. 203, 119 N. E. 403; Patterson v. Northern Tr. Co. 286 Ill. 564, 122 N. E. 55; Thome v. Allen, 24 Ky. Law Rep. 987, 70 S. W. 410; In re Starr (N. J.) 103

A. 392; Minuse v. Cox, 5 Johns. Ch. (N. Y.) 441, 9 Am. D. 313; Downing v. Marshall, 37 N. Y. 380.

. Cases cited by respondent in which attorneys' fees were disallowed to the trustee wherein its acts were not required because no necessity therefor had arisen; where proceedings to foreclose a mortgage were instituted by the trustee when there was no default in the mortgage; where beneficiaries were denied expenses in unsuccessful suits brought by them; where a trustee had committed acts justifying his removal and resisted the same, but pending such action he rectified the ground of complaint; and other cases of a like nature are not of assistance.

It appears to us that in the instant case it would be inequitable and unfair if necessary fees paid to counsel by the trustee were disallowed. It is true that the only evidence before the court as to the value of the services rendered was that introduced on the part of the trustee. It was said in Butler v. Butler, 183 Minn. 218, 219, 235 N. W. 918:

"We have held that the court in fixing counsel fees need not rely wholly upon the testimony of witnesses. It may take into consideration its knowledge of the value of legal services along with its knowledge of the character and extent of those rendered."

The case is remanded to the district court with directions (if it be so advised) to hear further evidence as to the value of services rendered in addition to the $150 allowed or to make such allowance as the court may determine that the trustee is entitled to.

Reversed.