# THE PREROGATIVE COURT

OF

# THE STATE OF NEW JERSEY.

## MAY TERM, 1906.

WILLIAM J. MAGIE, ORDINARY.
JAMES J. BERGEN, VICE-ORDINARY.

MARY GUNN et al.

*v.*

ELIZA EARLY.

[Argued May 15th, 1906. Decided June 18th, 1906.]

An adjudication of an orphans court, made after an examination before it of the testamentary witnesses to a paper-writing offered for probate as a will, and of other witnesses present at its alleged execution, finding that, upon all the evidence it appeared that the paper-writing was not signed or published in the manner required by law, and that the

evidence to that effect was so convincing as to overcome any presumption arising from a full attestation clause, signed by the testamentary witnesses, will not be reversed unless it is clearly erroneous.

---

On appeal from a decree of the Essex county orphans court.

*Mr. Frederick M. P. Pearse,* for the appellants.

*Mr. Samuel J. McDonald* and *Mr. Leon Abbett,* for the respondent.

MAGIE, ORDINARY.

The appeal in this cause seeks a reversal of an order refusing to admit to probate a paper-writing, offered to be proved as the last will and testament of Annie Reilly. From the transcript, and a statement annexed thereto, sent up from the orphans court, it appears that the contest arose upon a petition for the admission of the paper-writing to probate, and a caveat filed by the heirs-at-law and next of kin of the deceased. The evidence was taken in open court. The learned judge filed an opinion expressing the conclusions of fact at which he had arrived.

It thereby appears that he found in the evidence convincing proof that the paper had not been executed in the manner required by law to make it a valid testamentary disposition, and that it was defective in two respects—*first,* because it was not signed in the presence of two witnesses as required; and *second,* that it was not published by the testatrix as her last will in the presence of two witnesses.

I have examined with more than usual care the evidence contained in the transcript. I have never encountered proofs that were so confused, confusing and contradictory. It is not alone that the witnesses contradict each other, but their own evidence is impossible to reconcile.

There were five witnesses present in the little room in which the transaction that attempted the execution of this will was carried on. One was the scrivener who drew the will. Two others were witnesses who signed it. The fourth was a person who is named in the will as a beneficiary, but, I assume, for a

small amount. Another person was present who was not called as a witness, and no explanation is given for not calling her on the part of either side. The court below had the great advantage of seeing and hearing the witnesses, and was able, therefore, intelligently, to determine whether any credit, and what credit, should be given to their statements. It is evident that the court concluded that no credit was to be given to some witnesses, and that the testimony of one of the testamentary witnesses established, as a fact, a failure to execute the paper in the two respects above stated, in the manner required by law, and was so convincing as to overcome any presumption which might arise from the fact that there was a complete and perfect attestation clause appended to the paper, under which the two witnesses signed. That the presumption which may arise from an attestation clause may be overcome, and that by the evidence of the two witnesses who signed it, has been decided. *Berdans' Case, 65 N. J. Eq. (20 Dick.) 681.*

My examination of the evidence does not make it clear that the court below erred in the conclusion it reached upon the evidence. I ought not to reverse the action thereon unless it is clearly wrong. As I do not find it so, the order appealed from must be affirmed.