JOHN McCULLOUGH, administrator,

*v.*

ANNIE FORREST et al.

[Argued November 12th, 1914. Decided December 4th, 1914.]

1. The act of an intestate, who had a deposit with a savings fund society, in causing her account to be changed upon its card system, and upon her pass-book, by adding the name of her sister, so that thereafter the account stood in the name of intestate or the sister, in order that the fund or the remainder of it might pass to her sister at her death, without any "donative intention," *i. e.*, a design presently to part with the ownership of all interest in the money, and her subsequent exclusive possession of the pass-book and absolute control over the fund, was not effective as to a "gift *inter vivos*," to sustain which there must be not only a donative intention, but also, in conjunction with it, a complete surrender by the donor of all control over the thing given.

2. Such acts were not effective as a testamentary disposition of the deposit, since to effectually dispose of property, to take effect after death, the donor must pursue the course laid down by the statute of wills.

3. Upon a bill by an administrator to recover funds in a savings society, deposited by his intestate to a joint account, where there was a decree awarding the fund to him, no costs will be allowed against defendant bank, it being in no way responsible for the litigation.

*Mr. William M. Jamieson,* for the complainant.

*Mr. Linton Satterthwaite,* for the defendant Annie Forrest.

*Mr. Scott Scammell,* for the defendant the Trenton Savings Fund Society.

BACKES, V. C.

The complainant's intestate, Mary McCullough, had on deposit with the Trenton Savings Fund Society upwards of $2,700. On March 19th, 1912, she caused her account to be changed upon the card system of the society and upon her pass-book by adding the name of her sister, the defendant, so that thereafter the account stood in the name of "Mary McCullough or Annie Forrest." Miss McCullough had but a single purpose in making the change, which was that the fund or chose in action, or as much thereof as remained, should pass to her sister at her death —purely a testamentary disposition. The evidence disclosed no donative intention, *i. e.,* a design presently to part with the ownership of, or interest in, the money, but, on the contrary, it appears that after the alteration in the account was made, Miss McCullough retained the exclusive possession of the pass-book and exercised absolute dominion over the fund until her death. During that period she made one draft of a small sum which, under the by-laws and regulations of the society, was possible only by personal application and upon presentation of the pass-book. The administrator seeks a recovery of the deposit as a part of his intestate's estate, which is resisted by the sister, Mrs. Forrest, who claims it by way of a gift *inter vivos.* In *Stevenson* v. *Earl, 65 N. J. Eq. 721,* it was held that "in order to

legalize such a gift, there must be not only a donative intention, but also, in conjunction with it, a complete stripping of the donor of all dominion or control over the thing given." *Taylor v. Coriell, 66 N. J. Eq. 262; Nicklas v. Parker, 71 N. J. Eq. 777; Swayze v. Huntington, 82 N. J. Eq. 127.* The alleged gift must also fail because of its testamentary character. In order to effectually dispose of property to take effect upon death, the donor must pursue the course laid down by our statute of wills. *Stevenson v. Earl, supra.*

Counsel for the defence urge the case of *Dunn v. Houghton, 51 Atl. Rep. 71,* as all controlling. There the facts were similar to the circumstances in this case, except that the fund remained intact, and Vice-Chancellor Stevenson held that the contract by the bank with the donor and donee, manifested by the pass-book, was a legally sufficient external form to carry the gift if the donative purpose be present. From the facts in that case he found such a purpose, and upheld the gift. In *Schippers v. Kemphes, 67 Atl. Rep. 1042,* which is also a bank pass-book case, with an account standing in the name of the alleged donor and donee, he reiterated this doctrine, but, upon the facts, finding no donative purpose, refused to sustain the transaction as a gift, in which he was upheld by the court of errors and appeals. *72 N. J. Eq. 948.*

The conclusion which I have reached does not conflict with the principle laid down in the *Dunn Case,* for there, as already stated, the vice-chancellor found, as a fact, a donative purpose; a result which I have not been able to reach from the evidence in this case.

A decree will be advised awarding the fund to the complainant. No costs will be allowed against the defendants. *Peer v. Peer, 11 N. J. Eq. 432.*