*86 N. J. Eq.*                   In re Atkinson's Estate.

In the matter of the estate of AARON B. ATKINSON, deceased.

[Submitted December 6th, 1915.. Decided June 19th, 1916.]

1. A bill for maintenance of the widow of the testator at a hospital, subsequent to the death of the testator, is not a proper claim against the assets of the estate in the hands of the executor, no authority for such expenditure being found in the will.

2. Where an exception to a personal claim of an executor against the estate in his hands is treated by the executor before the master (to whom the matter had been referred), and in the orphans court, and in the prerogative court, as challenging the legality and correctness of the claim, it is too late for him to assume a contrary position in this court.

3. In an executor's account the burden of proving items of discharge is upon the accountant.

4. On exceptions to an executor's account, the executor is not competent, when he offers himself as a witness in his own behalf, to testify as to any transactions with or statements by the testator.

On appeal from a decree of the prerogative court advised by Vice-Ordinary Backes, whose opinion is reported in *85 N. J. Eq. 485.*

*Mr. Michael Nelson Chanalis* and *Mr. Archibald F. Slingerland,* for Clarence T. Atkinson, executor, &c.

*Mr. John H. Hutchinson,* for the Bordentown Banking Company.

The opinion of the court was delivered by

TRENCHARD, J.

Exceptions were filed to the account of Clarence T. Atkinson, executor under the will of his father, Aaron B. Atkinson, deceased, by the Bordentown Banking Company, a creditor.

Upon the coming in of the report of the master, to whom the matter had been referred, the exceptions were sustained by the

orphans court of Burlington county. The prerogative court, on appeal, affirmed the decree of the orphans court, excepting one small item not now in controversy, and the decree of the prerogative court is now here for review.

We are of the opinion that the decree must be affirmed.

It is first contended that it was erroneous to sustain the exception to the allowance of a claim for the amount of a hospital bill. We think the claim was properly disallowed. The bill was for maintenance of the widow of the testator at the hospital subsequent to the death of the testator, and, consequently, was not a proper claim against the assets of the estate in the hands of the executor, no authority for such expenditure being found in the will. *Johnston* v. *Morrow, 28 N. J. Eq. 327; 18 Cyc. 445.*

It is also contended that it was erroneous to sustain the exception to the allowance of the personal claim of the executor against the estate for $800. We think not.

The rule of the orphans court (formerly number 5, now number 20), relating to exceptions to the accounts of executors, &c., requires that where the objections are to disbursements, they shall state specifically the item or items and particulars objected to, and the reasons therefor.

The accountant argues that the particular exception to his claim is not, under the rule, sufficient, in substance, to challenge its legality and correctness. But whether technically so or not, it was so treated by the accountant before the master, and in the orphans court, and in the prerogative court, and it is now too late for him to assume a contrary position in this court.

In an executor's account the burden of proving items of discharge is upon the accountant. *Brewster* v. *Demarest, 48 N. J. Eq. 559.*

This was recognized by the executor in the present case, and he claims to have borne that burden by the testimony he gave in his own behalf.

The question presented, therefore, is, was such testimony competent for that purpose? We agree with the master that it was not.

Section 126 of the Orphans Court act (*Comp. Stat. p. 3857*) does not qualify an executor to prove his own demands against the estate in his hands. It makes an executor compellable to testify if called in reference to his account at the instance of any party interested in the account. In the case now under review the executor was not called by the court or any party interested in the account within the meaning of the act, but offered himself as a witness in his own behalf. Under these circumstances, he was not competent to testify in his own behalf as to any transaction with or statements by the testator. *Comp. Stat. p. 2218 § 4; Smith* v. *Burnet, 34 N. J. Eq. 219; affirmed, 35 N. J. Eq. 314.*

The claim in question was for money loaned to the testator in his lifetime and for moneys paid out at his request, and the like. The testimony of the accountant, by which he attempted to furnish the essential evidential support for his claim, was as to personal transactions with the testator, and hence was incompetent for that purpose. And this is so clearly true that the accountant makes no contention to the contrary in this court. There being no other evidence, the claim in question was without support and was properly disallowed.

The decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR—14.

*For reversal*—None.