GEORGE B. JONES, PLAINTIFF, v. EMMA M. WESTCOTT, DEFENDANT.

Submitted October term, 1929—Decided April 28, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *LeRoy W. Loder.*

*Contra, Francis A. Stanger, Jr.*

PER CURIAM.

This was a suit to recover the amount of a promissory note of $800 and interest, dated May 24th, 1926, payable six months after date, made by the defendant and payable to the plaintiff, at the Bridgeton National Bank, of Bridgeton, New Jersey.

Three separate defenses were set up by the defendant in her answer:

1. That the note in question was made and delivered by her to the plaintiff without consideration to her from the plaintiff and the latter is not a holder thereof in due course.

2. That, although admitting the making of the note in question, the same was made and delivered by the defendant to the plaintiff as a gift, without any consideration therefor.

3. That such note was given by the defendant to the plaintiff without any consideration therefor and with an understanding between them that it should not become valid or used, or delivered or negotiated until after the death of defendant, then to take effect as a gift from defendant to plaintiff.

Plaintiff established by his own testimony as well as that of the cashier of the Bridgeton National Bank that on the day of the date of the note, May 24th, 1926, both plaintiff and defendant came to the bank; that by direction of the plaintiff $800 in cash was drawn from an interest account which he had and turned over to the defendant; that the cashier drew the note in suit and the defendant signed it and delivered it to the plaintiff.

The facts sought to be established by the defendant were that plaintiff, who is her half brother, had suggested and offered to make her a present of a truck for use on her farm; that a suitable one had been found for sale for $800 and that the $800 drawn from the Bridgeton National Bank by the plaintiff on May 24th, 1926, and turned over to her, the defendant, was in furtherance of this offer and in consummation of the gift, and in fact was actually used by her in the purchase of a truck. The defendant further testified that the giving of the note in question was simply to provide against the possibility of her pre-deceasing her husband, so that in the event of such happening, the plaintiff could collect the amount thereof from her estate, and in that respect she was making him a gift thereof.

At the close of the case a motion for direction of a verdict in favor of the plaintiff was denied and the cause submitted to the jury solely upon the question of failure of consideration. The jury returned a verdict in favor of the defendant and

plaintiff has the present rule and seeks to set such verdict aside for three reasons:

1. Because of refusal of the trial court to direct a verdict in favor of the plaintiff.

2. Because the verdict is contrary to the evidence.

3. Because the verdict is against the weight of the evidence.

The trial judge, very properly, ruled that evidence of an oral agreement, contemporaneous with the execution and delivery of the note, would be admissible only in the event that such agreement was shown to have become executed resulting in the extinguishment of the note by payment or otherwise and that a contemporaneous parol agreement varying the terms of payment was not admissible. .

Such is undoubtedly the law. *Middleton* v. *Griffith,* 57 *N. J. L.* 442 (at *p.* 447), &c.

The cause was submitted to the jury upon the theory that there was proof tending to show that defendant received no consideration for the note. From the proofs it is difficult to understand whether the defense intended to be made was that the $800 in cash turned over by the plaintiff to the defendant was a gift and therefore presented no consideration for the note, and this seems to be the theory upon which the trial judge submitted the matter to the jury, or that the note itself was a gift from the defendant to the plaintiff.

Viewed from either angle, it is apparent that the present verdict cannot stand.

Proof of a gift *inter vivos* must establish three things—

1. A donative intent on the part of the donor.

2. An actual delivery of the subject-matter of the gift, and

3. A stripping of the donor of all ownership and dominion over the subject-matter of the gift. *Besson* v. *Stevens,* 94 *N. J. Eq.* 549 (at *p.* 556).

If we examine the matter from the standpoint of its presentation to the jury, it may be said that two of these requisites appeared in the proofs, namely, a donative intent on the part of the plaintiff and an actual delivery of the subject-matter of the gift, namely, cash in the sum of $800. The third requisite, however, was not only lacking but there was

undeniable proof that the plaintiff, as donor, did not strip himself of ownership and dominion over it because he took for such alleged gift of cash, the note in question, which he retained in his possession and was the holder of at the time of the commencement of the action and at the time of trial.

On the other hand, if we inquire into the transaction upon the theory that the note was delivered by the defendant to the plaintiff as a gift, there are two obstacles encountered, although, in all respects, except hereinafter referred to, a complete gift *inter vivos* can be said to have been made out, inasmuch as the note, which is the subject-matter thereof, was admittedly delivered to the plaintiff, donee, and the defendant, donor, stripped herself of all control and dominion over it, and, further, there was testimony from which a donative intent might, at least, have been implied. If an absolute, complete gift was made out, the note was then as good and valid an instrument in the hands of the plaintiff as if he had paid a full consideration therefor in cash.

"A gift *inter vivos* becomes perfect by delivery and acceptance and a title thus acquired is just as perfect as a title acquired by purchase." *Corlee* v. *Monkhouse,* 50 *N. J. Eq.* 537.

The difficulty with this is, and it is the first obstacle above mentioned, that one's own note cannot be the proper subject of a gift.

In *Egerton* v. *Egerton,* 17 *N. J. Eq.* 419, it is held:

"The giving of one's promissory note or acceptance, by the donor to the donee, will not constitute a *donatio mortis causa.* It is otherwise with the gift of a note, acceptance, or bond of a third party, which may pass by endorsement or delivery." And in this same case it is held that, in this respect, there is no distinction to be made between a gift *causa mortis* and one *inter vivos.* The reason why one's own obligation cannot properly be the subject of a gift is that it is not a chattel, but a mere contract to pay.

The note, therefore, not being the proper subject of a gift by the defendant to the plaintiff the latter could not have

such title or property therein by gift as to entitle him to a recovery.

The other obstacle is that the cause was not submitted to the jury upon the theory of the note being a gift from the defendant to the plaintiff.

The learned trial judge submitted the cause upon two theories, viz.:

1. "So that the question for you to determine is: was this note given for value, and if it was given for value then the plaintiff is entitled to recover the full amount of his interest and costs,

2. But, if, on the other hand, from the testimony you find that it was not given for value but was a mere gift *to* Mrs. Westcott, as she claims, then your verdict would be for the defendant, and no cause of action."

In order to sustain a verdict on a rule to show cause the evidence must show a case within the rules upon which the court submits the case to the jury. *Bowlby* v. *Phillipsburg,* 83 *N. J. L.* 377.

As has been pointed out the proofs do not establish a gift of the money, $800 from the plaintiff to the defendant, and failure in that direction makes likewise for a failure of proof in support of the defense of lack of consideration because lack of consideration was based upon this particular theory of gift. The jury was not instructed to find upon the question as to whether or not the note was a gift from the defendant to the plaintiff, accompanied by a proper instruction that if they found it was the plaintiff was not entitled to recover thereon because it was not a proper and legally sufficient subject of a gift.

The rule to show cause will be made absolute and a *venire de novo* issue.