Bridget Gates (also known as Bridget Goetz) died January 17th, 1929, leaving a last will and testament wherein she appointed The Hoboken Trust Company as executor. The will was probated by the surrogate of Hudson county, and the executor therein named qualified thereunder. In seeking a discovery of assets of the estate of the testatrix the executor ascertained that she had rented a safe deposit box of the complainant, and upon opening said box the executor found therein several bank books, among which a savings account book issued by complainant to Bridget Goetz, trustee for Frank Goetz, showing a credit of the sum of $1,952.89. Said account was opened September 22d 1921. It shows deposits of various sums at various times. Only one withdrawal ($500) was made from said account, and such withdrawal was made by the depositor, Bridget Goetz, July 7th, 1926. Testatrix's proper name was "Goetz." It was sometimes so written, and at other times written as "Gates." The alleged beneficiary of the fund in question, Frank Goetz (or Gates), died August 17th, 1929, seven months after the death of testatrix, his mother. The proofs are negative as to whether any action was taken by him in his mother's lifetime or after her death as claimant of the moneys in question. On August 27th, 1929, the defendant, Charles Foley, was appointed administrator of the estate of Frank Gates (or Goetz), deceased, and as such he claimed of the complainant the moneys on deposit with it in the name of Bridget Goetz, trustee for Frank Goetz. The defendant The Hoboken Trust Company, as executor of the estate of Bridget Gates (or Goetz), also claimed of the complainant the moneys in question. Because of the adverse claimants to the fund the complainant filed a bill of interpleader, and pursuant to an appropriate order made herein, the fund in question, $1,952.89, was deposited with the clerk of the court. The *Page 312 
defendant-administrator upon proofs herein sought to substantiate the claim that the aforesaid account represented deposits made by testatrix of moneys given to her by her son Frank. Such claim has not been substantiated. Defendant sought to prove by Joseph Gates, a son of the testatrix and brother of the alleged beneficiary, that the fund in question represented deposits made by testatrix of moneys given to her by her son, Frank, therefor. His testimony is very unsatisfactory and unconvincing. He testified he did not know how much in all his brother Frank gave to his mother for deposit. When questioned as to the bank in which testatrix deposited the moneys alleged by the witness to have been given to her by her son, Frank, for deposit, the witness testified, "in different banks." It is clearly manifest to me from the proofs herein that no gift inter vivos was established by the deposit in question and no trust was thereby created entitling the defendant-administrator's intestate, the alleged beneficiary, to such deposit as against the executor of testatrix. In the case sub judice the testatrix exercised complete control over the account in question during her lifetime. Upon one occasion she withdrew the sum of $500 from said account for her personal use. She did not part with the bank deposit book. It was found by her executor together with other bank books in a safe deposit box rented by her. The case is fairly comparable to the case of Nicklas v. Parker, 69 N.J. Eq. 743; affirmed, 71 N.J. Eq. 777, in which it was held: "A mere savings bank deposit made by intestate in her own name as trustee for another, over which deposit intestate exercised complete control during her life, was insufficient to establish a gift of the deposit inter vivos, or to create a trust entitling the alleged beneficiary to the deposit as against intestate's administrator." In the same case the court declared inter alia:
"While the courts, in the many cases which have dealt with the intention with respect to gifts and trusts, have refused to lay down any arbitrary, inflexible rule, they substantially agree that something more is necessary with respect to deposits in banks than the mere opening of the account in the name of the depositor in trust for another." As in the cited case the right of the defendant-administrator *Page 313 
herein to have the fund in question must rest upon one of two theories, i.e., that it was a gift inter vivos by the testatrix to her son, Frank, or that it was a valid trust now enforceable. In either event, the intention must be clearly proven, and such intention must be shown to have been carried into effect by the testatrix as depositor of the fund in question. The nature and amount of proof required, and the essentials to be proven, are similar with respect to each of the two necessary contentions. The form of the transfer and the time of enjoyment by the beneficiary may be different with respect to a trust, but there must be the same definiteness and clearness of proof of the completed execution of intention in the one case as in the other. Such is substantially the language of the court inNicklas v. Parker, supra. See, also, Matthews v. Hoagland,48 N.J. Eq. 455, 456; Stevenson v. Earl, 65 N.J. Eq. 721, 725;McCullough v. Forrest, 84 N.J. Eq. 101; Wright v. Sanger,101 N.J. Eq. 203; Reeves v. Reeves, 102 N.J. Eq. 436. Counsel for the defendant-administrator urged in support of his claim to the moneys in question, section 32 of "An act concerning trust companies" (4 Comp. Stat. p. 5666), which provides: "Whenever any deposit shall be made by any person in trust for another, and no other or further notice of the existence and terms of a legal and valid trust shall have been given to the trust company, in the event of the death of the trustee, the same or any part thereof, together with the dividends or interest thereon, may be paid to the person for whom the said deposit was made, or to his or her legal representatives." The evident purpose of the aforesaid statutory provision is merely to protect a trust company from liability in the event of its making payment "to the person for whom the said deposit was made or to his or her legal representatives." Gordon v. Toler, 83 N.J. Eq. 25, 28; Reeves
v. Reeves, supra, and Annotation in 48 A.L.R. 202, and cases cited.
In my judgment the money in question is payable to the defendant The Hoboken Trust Company, as executor of the estate of Bridget Gates (or Goetz), deceased. The defendant-administrator is not entitled thereto. I will advise a decree accordingly. *Page 314