In the matter of the estate of PHILIPINE H. HAZELTINE,
deceased.

---

ARTHUR ELMORE HALENBECK, individually and as executor
and trustee under the will of Philipine H. Hazeltine,
respondent,

*v.*

THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, a
municipal corporation of the State of New Jersey,
appellant.

[Argued May term, 1936. Decided October 2d, 1936.]

---

Mr. *Horace L. Allen,* Mr. *George S. Hobart* and Mr. *Duane
E. Minard,* for the appellant.

Mr. *Dougal Herr,* Mr. *John Milton* and Mr. *William A.
Kaufmann,* for the respondent.

PER CURIAM.

The appeal in this case is from a decree in the prerogative
court which set aside an order in the orphans court which
(1) set aside the allowance of an executor's final account;
(2) granted letters of administration *cum testamento annexo*
to another; and (3) required the former executor, as trustee,

to give a bond to the ordinary; and (4) required sundry acts not here necessary to recite. The action of the orphans court was predicated upon the petition of the city of Hoboken showing that certain taxes levied upon the personal property of decedent had not been paid by the executor. The relief granted in the orphans court was in aid of the collection of taxes.

The Tax act, as amended (*P. L. 1933 ch. 266 p. 719 ¶ 9*), provides a means for the collection of delinquent taxes levied against personal property. It is unnecessary to consider the validity of the tax in question, although it should be noted that it was controverted.

"Taxes can only be levied and collected in the manner prescribed by the statute, where it undertakes to provide the means." *State,. Trustee, &c.,* v. *Lewis, Collector, 35 N. J. Law 377* (at *p. 380*).

No action lies for the recovery of a tax save as provided by law. *Wrightstown* v. *Salvation Army, 97 N. J. Law 89.*

The orphans court, being without power to compel the payment of the taxes in question, had no jurisdiction to set aside the accounting. The city of Hoboken may collect its taxes as the legislature has provided, and if it regards the present means inadequate it may seek redress.

No opinion is expressed as to the other matters presented in the appeal, because unnecessary to a decision.

The decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—None.