The Union County Orphans Court by decree dated October 26th, 1942, ordered that the decree theretofore entered on March 13th, 1942, allowing the account of Florence M. Hulbert, executrix of the estate of her mother, Mary B. Riland, be opened and the executrix restate and resettle the same by accounting for and charging herself with $4,397.46, and allowed the proctor for the petitioner $600. From the whole of this decree the executrix appeals. *Page 153 
Mary B. Riland died March 11th, 1941, and by her will dated March 8th, 1926, duly probated named her daughter, Florence M. Hulbert, as executrix. She left her entire estate to her daughter the appellant herein, and her son, Chester Riland, share and share alike.
The testatrix in her lifetime maintained an account in the Industrial Building and Loan Association of Rahway, New Jersey, known as account No. 3897. On February 3d 1940, she signed a "shareholders signature record" so that the account thereafter read "This account is to be in the name of Mrs. Mary E. Riland or Mrs. Florence M. Hulbert." When this change took place there was in the account on deposit the sum above mentioned. When appellant as executrix rendered her account of the assets of the estate to the Orphans Court she did not account for this sum. When the executrix filed with the State Inheritance Tax Bureau the usual affidavit required she reported this item as follows:
"Industrial Building Loan, Rahway, NJ, Acct. No. 3897 Account registered — Mrs. Mary E. Riland or Mrs. Florence M. Hulbert, survivor receiving all $4,397.46."
Appellant's brother is a doctor and resides in Baltimore, Maryland. On July 17th, 1942, he filed petition praying that the decree allowing his sister's account as executrix be opened upon the ground of fraud or mistake.
The learned judge of the Orphans Court found that the account was changed to read Mrs. Mary E. Riland or Mrs. Florence M. Hulbert at the request of Mrs. Riland after which she personally thereafter drew money from the account signing the withdrawal slips. For the most part thereafter Mrs. Riland kept the passbook in an unlocked desk; that while Mrs. Riland expressed to some of her neighbors concern over her daughter's future it was not the intention of the deceased to make a gift of the fund to her daughter and that she did not do so. I have examined with care the evidence adduced before the court below and I agree with that court that there is nothing in the evidence to indicate any present idea on the part of the mother of a gift in praesenti
of the money in the building and loan association or any part thereof. What the *Page 154 
mother, Mrs. Riland, attempted to and wanted to accomplish was that the daughter have the fund after she died. That was also the understanding of Mrs. Hulbert as appears from the inquiries she made how the passbook could be transferred so that she would get the money by survivorship, the conversations which she had with her mother, the inquiries which she made from others before the book was transferred and her affidavit filed with the Inheritance Tax Bureau in which she reported the account "survivor receiving all." The conclusion of the court below that the mother, Mrs. Riland, had but a single purpose and intention in making the change, namely, that the fund or as much thereof as remained, should pass to her daughter at her death (purely a testamentary disposition) is amply supported by the evidence. And so the court below properly held that the gift must fail because of its testamentary character, since the course laid down by our statute of wills was not pursued. McCullough v. Forrest, 84 N.J. Eq. 101; 92 Atl. Rep. 595; Commercial Trust Co. v. White, 99 N.J. Eq. 119; 132 Atl. Rep. 761; affirmed, 100 N.J. Eq. 561.
The Orphans Court had full authority to open the account on the ground of fraud or mistake, which power is both statutory and inherent. In re Slater, 88 N.J. Eq. 296; 102 Atl. Rep. 384; Inre Hazeltine, 119 N.J. Eq. 308; 182 Atl. Rep. 357; affirmed,121 N.J. Eq. 49; 187 Atl. Rep. 177. "It is elementary that a court of record has sufficient control over its records to prevent them from working an injustice; it is also clear that it is the duty of the court to correct any mistake of law or fact, both of commission and omission, and which is necessary to protect and enforce the rights of parties properly before it." De Lisle v.Reeves, 96 N.J. Eq. 416. In the instant case whether through fraud or mistake, the account of the executrix omitted all reference to the fund in question.
The court below exercised sound discretion based on principles of justice and equity, in the light of all the circumstances. The court had before it the various witnesses who testified and had the benefit of observing the witnesses and their manner of testifying in order to determine their credibility. *Page 155 
The transcript of the evidence now before me does not make it clear that the court below erred in the conclusion it reached in the determination of fact or the application of law, or that the allowance to the proctor of $600 for the petitioner was excessive. The action of that court should not be reversed unless it is clearly wrong. Since I do not find it so the order appealed from must be affirmed. Wright v. Flynn, 69 N.J. Eq. 753;61 Atl. Rep. 973; Gunn v. Early, 71 N.J. Eq. 717;64 Atl. Rep. 111. *Page 156