FRANKLIN RILEY, trustee, &c.,

*v.*

FRANCIS R. FITHIAN et al.

[Filed January 23d, 1903.]

1. In an action by a trustee to recover trust property alleged to have been wrongfully obtained by the defendant, parts of the bill narrating the origin and terms of the trust and the parties thereto, should not be stricken out as immaterial.

2. An allegation in the bill, in an action to recover property of which complainant claims to have been defrauded, that he consulted his counsel

as to the transactions, and directed him to investigate the facts to enable him to take legal steps for relief, should not be stricken out, as it tends to show diligence and explain delay, and is not prejudicial to the defendant.

3. The insertion, in a bill by a trustee to recover trust property, of a copy of a letter written by complainant's counsel to defendant before suit, stating counsel's view as to the legal basis of complainant's claim, and suggesting an "adjustment without recourse to the courts," is proper as being matter showing that the defendant was warned of his alleged inequitable conduct previous to the suit. Such an allegation suggests considerations which may affect the allowance of costs.

On bill for relief. On motion to strike out parts of bill.

*Mr. Clement H. Sinnickson* and *Mr. William A. Logue,* for the complainant.

*Mr. Edward Ambler Armstrong* and *Mr. David J. Pancoast,* for the defendants.

GREY, V. C. (orally).

This matter may be presently disposed of, as the elaborate arguments of counsel on both sides have fully discussed every view which may be taken of the points in dispute.

The bill of complaint is filed by a trustee, who devotes the first twelve or thirteen pages of the bill to a definition of the origin and character of his trust. The principal defendant is Francis R. Fithian, who is alleged, on the face of the bill, to have been the agent of the complainant, whom he employed to sell the trust property. The other defendants are parties claimed to have been associated with Mr. Fithian in the doing of the acts alleged to be wrongful. The bill alleges that the trustee employed the defendant Fithian to effect a sale, and charges that he and those he associated with him have wrongfully retained part of the trust property, and have sold and retained the profits of another part; that these acts were concealed from the complainant (trustee), and have resulted in great loss to the trust estate. The trustee complainant states the details of the transactions, so far as they have come to his knowledge, and asks a disclosure of all the incidents whereby the title of the trust property has been disposed of, and an accounting for, and the payment back to the

trustee of, the profits of the trust property wrongfully retained, and also a reconveyance of the portion of the trust lands which, it is alleged, have been wrongfully obtained by the defendant Fithian for his personal use.

The bill of complaint is challenged, under rule 213, in three particulars. The first is as to the twelve or thirteen pages in which the trustee narrates the origin and the terms of his trust. The criticism made of this portion of the bill is that it is wholly immaterial whether the complainant is trustee or not; if he is, it is wholly immaterial what the terms of his trust are; that the gravamen of his bill is the demand that the complainant should have an accounting from his agent employed to dispose of his property, and it is insisted that the origin and nature of the trust under which the complainant holds the lands in question may be wholly left out, without any detriment to the complainant's case.

An examination of the bill of complaint indicates that the narration of the origin of the trust under which the complainant holds the trust property is necessary, in order to show who are the *cestuis que trustent,* who, in proceedings affecting the trust property, should be made parties, unless the securing of their appearance is greatly inconvenient or practically impossible. The court of appeals settled this in the case of *Tyson* v. *Applegate, 13 Stew. Eq. 311.* To strike out the history of the origin of the trust, would leave the complainant declaring that he was a trustee, without disclosing his trust or showing who were entitled to the benefits of it.

The narrative of the creation of the trust is somewhat extended, but the transactions out of which the trust grew were themselves both complicated and voluminous. They cannot be stricken from the record without crippling the complainant's statement of his cause of action.

The above objection to the bill must be overruled.

The next criticism of the bill of complaint is that it contains an allegation that there was a consultation between the complainant and his counsel touching the transactions involved, and a direction by complainant to his counsel that they should make such inquiry as to the facts as might be necessary to enable him

Riley *v.* Fithian.

to take legal steps for relief. This is objected to as irrelevant. The obligation upon a party who thinks he has reason to believe he has been defrauded of property is to make diligent inquiry and pursue his remedy before the defendants, if they be, in fact, fraud-doers, may so act as to change the nature of the title or involve persons who are innocent as to the fraud.

If, upon the face of the bill of complaint, it appears that the complainant has supinely slept after warning of his danger, he might be liable to a charge of laches from a party who, because of his negligence, might have become a *bona fide* purchaser of the property. The insertion of a clause tending to explain delay in procedure or to show diligence, while not of vital importance, is in no way prejudicial or embarrassing to the defendants. It should not be stricken out of the bill.

The third criticism of the bill of complaint is the insertion therein of a copy of a letter written by the counsel of the complainant to the defendant Fithian, at or about the ending of a correspondence between them regarding the subject-matter of the present lawsuit. The objection is that this letter is wholly irrelevant and immaterial as a part of the complainant's statement of his cause of action; that it is in the nature of a law brief, and has no proper place in the bill of complaint.

The letter in question is a statement by complainant's counsel to the defendant Fithian of his view of the legal basis of complainant's claim, and expresses a willingness to confer for "adjustment without recourse to the courts," &c. It occupies about one page of the bill.

In equity costs are not necessarily awarded to the successful party in the final decree. The showing on the face of a bill of complaint that, previous to its filing, the defendant had been warned of his equitable duty, and requested to perform it, is a pertinent allegation. This has resulted in the well-known clause. The complainant, if successful in the cause, may appeal to the fact that the defendant contested the suit, with previous warning of the legal basis of the complainant's claim, as a justification for the allowance of costs.

None of the specified criticisms of the bill of complaint can be sustained. The motion to strike out is therefore refused, with costs.