ALICE McCLOSKEY, executrix of the last will and testament of Ann Maguire,

*v.*

JAMES J. BOWDEN.

ALICE McCLOSKEY, executrix of the last will and testament of Ann Maguire,

*v.*

JAMES J. BOWDEN, individually, and as executor of the last will and testament of Alice Maguire, and Mary F. Bowden, his wife.

[Decided January 29th, 1914.]

1. As the complainant may recover costs against the defendant who has been warned to do his duty before suit brought, so a complainant who had received a *bona fide* offer of a proper settlement before bringing suit, but brings suit more or less vexatiously, will not, in a court of conscience where the matter is discretionary, be allowed either costs or counsel fee against the defendant who is adjudged to pay practically the sum which, before the bringing of suit, he had accounted for and offered to pay.

2. Only a derelict trustee is made to pay the expenses of an accounting out of his own funds.

3. Upon a bill for an accounting where the matters in controversy were referred to a master, who finds for the complainant practically the amount for which the defendant offered to account and settle before suit brought, and, upon the equity of the case, there being nothing in the testimony to show that the defendant endeavored to overreach or oppress the complainant in any way, the suit may be treated as an ordinary accounting by a trustee, or as practically an exception to the defendant's account, and an application for the taxation of costs and counsel fee against the defendant will be denied.

---

On application for costs and counsel fee to be taxed against defendant.

*Mr. Peter Backes,* for the motion.

*Mr. Martin P. Devlin, contra.*

WALKER, CHANCELLOR.

The defendant, Bowden, and his wife made a mortgage to Alice and Ann Maguire for $3,000. Alice died, and by her will bequeathed her undivided one-half interest in the mortgage, with the rest of her estate, to her sister Ann, for life, with remainder to the defendant, James J. Bowden. Ann died, leaving a will in which she appointed the complainant executrix, and bequeathed to her a one-half interest in the mortgage, with the rest of her estate. The other half interest in the mortgage then passed to the defendant, Bowden, under the will of Alice, the life estate of Ann terminating.

Bills for an accounting were filed, one claiming the entire mortgage, and the other for an accounting of the income of the estate which was the property of Ann in her lifetime. The matters were referred to a master whose report concludes:

"And I find and report that the interest of the said complainant in the said bond and mortgage is $1,500, and that there is due from James J. Bowden, individually, to the said complainant the sum of $1,500. From this amount there should be deducted $537.72, which the account shows was paid to Ann Maguire during the continuance of the life estate, above and

beyond the income provided by that estate, leaving as the balance due the complainant, February 22d, 1912, $962.28. To this should be added interest to date, December 4th, 1913, one year, nine months and twelve days, $102.95, making the total amount due Alice McCloskey, $1,065.23."

The sum thus found to be due by the master is approximately the amount admitted by Mr. Bowden, the defendant, to be due before suit brought, and for which he offered to account and settle.

The complainant asks to have the costs of the accounting, including a counsel fee, visited upon the defendant individually.

The award of costs in equity resides in the sound discretion of the court, except where the statute otherwise directs. The language of Vice-Chancellor Grey, in *Riley* v. *Fithian, 64 N. J. Eq. (19 Dick.) 259*, is pertinent to the situation existing in this cause. He said (at *p. 262*) :

"In equity costs are not necessarily awarded to the successful party in the final decree. * * * The complainant, if successful in the cause, may appeal to the fact that the defendant contested the suit, with previous warning of the legal basis of the complainant's claim, as a justification for the allowance of costs."

The rule works *e converso*, and as the complainant may recover costs against the defendant who has been warned to do his duty before suit brought, so a complainant who has received a *bona fide* offer of a proper settlement before bringing suit, but who brings suit more or less vexatiously, will not, in a court of conscience, where the matter is discretionary, be allowed either costs or counsel fee against a defendant who is adjudged to pay practically the sum which, before the bringing of suit, he had accounted for and offered to pay.

Ordinarily, the estate for which a trustee accounts is charged with the costs of accounting. Only a derelict trustee is made to pay the expenses of an accounting out of his own funds. And not every enforced accounting is made under the penalty of costs against the accountant individually.

In *Sherman* v. *Lanier, 39 N. J. Eq. (12 Stew.) 249*, an executrix and trustee, by order of the orphans court, was directed forthwith to state and settle her accounts, and the matter was

referred to a master in chancery. To his report the accountant excepted. The orphans court overruled the exceptions and ordered the costs, though not counsel fee, to be paid by the exceptant out of her private estate. Chancellor Runyon, sitting as ordinary (at *p. 258*), reserved the award of costs, to the extent that he held the accounting trustee liable only for the costs of those of her exceptions to the master's report which were not sustained in the orphans court, and the rest of the costs of the exceptions he ordered paid out of the estate.

By analogy, and for the purpose of this motion, the present contest may be treated as one in which the complainant excepted to the defendant's account and failed to sustain the exception. As a matter of fact, the complainant has not excepted to the master's report, but, as stated, the master finds for complainant practically the amount for which the defendant offered to account and settle before suit brought, and, upon the equity of the case, there being nothing in the testimony to show that the defendant endeavored to overreach or oppress the complainant in any way, the suit may be treated as an ordinary accounting by a trustee, or as practically an exception to the defendant's account.

Upon what I deem to be the clear equity of this matter, the application for the taxation of costs and counsel fee against the defendant will be denied. The costs of both sides (which will include an extra allowance of $50 to the master, whose services in taking the accounting were very onerous) will be paid out of the estate—that is, out of the fund accounted for and adjudged to the complainant.