This was a suit to foreclose a mortgage, in which a final decree was filed May 7th, 1926. After default in pleading by the defendants it was referred to a master of the court, who reported that there was due to the complainant for principal and interest the sum of $3,013.40, and final decree was thereupon made confirming the report and ordering that a fieri facias issue to make the sum mentioned, together with interest and costs. The writ was issued in due course, under which the sheriff sold the mortgaged premises, and paid into court the sum of $2,736.95 as the surplus money in his hands after paying the complainant out of the proceeds of sale. Thereafter, the complainant filed a petition setting forth that he, petitioner, at the time of hearing before the master, calculated the amount due on his mortgage, upon which the master made his report, and that instead of the amount so proved by him, there was due $150.60 in addition; and he prayed that he might be permitted to prove before a special master the correct and true amount due to him, and that the final decree be ordered amended as to the sum of $150.60 due. He should not have prayed for leave to prove anything before a master. He should simply have prayed for the relief he claimed, and then applied for an appropriate order.
Upon the filing of this petition an order of reference was advised by an advisory master, sending the application to a special master, who issued summonses to the defendants and took the testimony of three witnesses, one a solicitor for the complainant (whose testimony should never be taken unless it be absolutely essential to a point to which no other witness can be produced — Garrett v. Garrett, 86 N.J. Eq. 293), and the master made his report covering four pages, in which he recited, among other things, that the petitioner was the complainant in a bill, the object of which was the foreclosing of a mortgage, and that no answer or plea or notice to report on subsequent encumbrance being filed the bill *Page 20 
was taken as confessed against defendant, c., and that such other proceedings were had that a writ of fieri facias was issued, c., for the sale, c., and it was directed that out of the proceeds of the sale the complainant should be paid the sum of, c., and in case more money should be raised by the sale,c., to pay the surplus money into court, c.
It was quite unnecessary for the master to inform the court of these facts appearing of record in the case itself. The report, and testimony annexed, were entirely too redundant. The report wound up by recommending that an order be made directing the clerk to pay to the petitioner, or his solicitor, the sum of $150.60 from the surplus money on deposit in this cause.
The complainant, as a witness, testified to the error that he had made, and said it occurred by a mistake made by his bookkeeper, which was later discovered by him. This was sufficient. On the coming in of this report an order was made, advised by one of the advisory masters, that the master's report be ratified and confirmed, and that the final decree be amended from the amount contained therein to the correct amount, being an addition of the sum of $150.60, but that in all other respects the final decree should stand, and the clerk of the court was directed to pay to the petitioner, or his solicitor, out of the surplus money, the sum of $150.60, besides the special master's fees, amounting to $34.65 (which the master taxed on the back of his report at $39.15), and the petitioner's (complainant's) taxed costs. These costs have been taxed at the sum of $31.83.
Thus, it appears that the complainant, for the correction of his own error, for which he was responsible, has succeeded in getting an order for the payment from the defendants of $150.60, to which he is entitled, besides $66.48 costs, for which the defendants in equity and good conscience are in no way liable.
Of course, I know that complainant justifies this proceeding under the written rules of court, but, upon scrutiny, it will be seen that they do not govern such an application as the one subjudice. Rule 179 provides that all references on application for surplus money in foreclosure sales shall *Page 21 
be made to special masters. But this rule applies only in case the court sees fit to send such an application to a special master. And this is not done except in cases where there is some controversy that has to be settled, and the chancellor desires the report of a special master in lieu of hearing the cause himself or having one of the vice-chancellors hear it. Rule 187 indicates the court's attitude in such matters by stating that any controversy between defendants in foreclosure suits may be settled upon application for surplus moneys. Rule 220 provides that any master to whom an application for surplus money in foreclosure suits may be referred shall issue summonses to all defendants whose claims are not directed in the execution to be paid out of the proceeds of sale. Under this rule the master issued summonses to the defendants, who were owners of the mortgaged premises sold under the fieri facias, when, of course, they had no claims which were directed to be paid out of the proceeds of sale, and no payment to them was commanded; and the rule, therefore, did not in strictness apply. However, they were entitled to some sort of notice of the proceeding.
In the general rules it is provided in No. 4 that they shall be considered as rules for the government of the court and the conduct of causes, and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest that a strict adherence will work surprise or injustice. Although this rule was not adopted until July 4th, 1915, nevertheless, it had been the unwritten rule of the court since my acquaintance with it, and I think it extends back to the time the rules were first written.
In this case, as in all similar proceedings, all such cumbersome, vexatious and comparatively expensive proceedings as have been taken in this case do not facilitate business or advance justice, and are dispensed with, and direct action is used for the attainment of substantial justice.
In this case what should have been done was to file a simple affidavit with the court, which could not very well have exceeded one page of typewritten legal cap, and on it obtain an order against the defendants, owners of the surplus, *Page 22 
to show cause why the mistake should not be corrected and why the complainant should not have $150.60 out of the surplus. On being brought into court, by actual or constructive notice, if they, or none of them, successfully contested the complainant's right, an order would be made that the clerk in chancery pay the amount of interest erroneously omitted from the master's report (because not proved before him), but without costs, for as I understand it, no man can correct his own errors at the cost of any party who is in nowise responsible for them, and, in this case, it will be observed, a proceeding was taken, which, if it were allowed to stand, would cost the defendants $66.48 to correct an error of the complainant, amounting to $150.60.
As a complainant cannot recover costs in a suit which he brings more or less vexatiously (McCloskey v. Bowden, 82 N.J. Eq. 410), so a complainant, who brings an incidental proceeding at the foot of a decree to correct an error in the amount adjudged to be due to him, for which error he alone is responsible, cannot be allowed costs against a defendant who himself is in nowise responsible for the error — on the contrary, if the defendant comes in and makes a bona fide defense against the complainant, although the latter established his right, the defendant could be allowed costs against him. This doctrine is distinctly recognized by the legislature in the Chancery act of 1915 (P.L. p. 187), which provides that the court, upon making any order or decree, may charge the successful party with costs, or reasonable counsel fee, or both, in any case in which the court shall deem it just to do so.
One not responsible for litigation is not responsible for costs. McCullough v. Forrest, 84 N.J. Eq. 101.
In Parker v. Travers, 74 N.J. Eq. 812, it was held that where defendant was obliged to appeal to correct a decree against her which was improper, she was entitled to costs of the appeal, though complainant was successful in the suit. Under this doctrine, if the error had been made by the first master and the defendant charged with $150.60 which was not due from them, and they were obliged to appeal to the chancellor to correct an erroneous decree against them, they, of course, would be entitled to costs. *Page 23 
Cases could be multiplied to show that one party to a suit cannot correct his own mistake with costs as against those in nowise responsible for the errors complained of. The proposition is so obvious that it needs no citation of authorities to support it. It is but natural justice. Frequently, in making orders in a cause to correct a mistake of the applying party, I have written plainly on the back thereof the words "Don't tax." This is a direction to the clerk to refrain from including in the taxed bill any allowance for the order; and this, too, intends the exclusion of taxation of any petition or proofs upon which such order is founded. This, obviously, ought always to be done. And the court will see to it that no costs are allowed to one party against another for correction of the erring party's mistakes. Take the case before the court: The complainant says to the defendants — "I made a mistake; you owe me $150.60 more than I claimed, and the court gave me a decree for; now, I demand that sum with the costs of correcting my own error be paid by you, when, if I had furnished the court with the correct amount in the first place, it would have given me a decree for it without any cost against you therefor — that is, without any costs for obtaining a decree for the particular sum which was the amount of the error." The proposition is untenable and refutes itself.
The result is that the order amending the decree will be vacated and set aside. There is no reason whatever to amend the decree. The decree was executed by the sale under the fierifacias, and the surplus money deposited in court. The order will also direct the clerk to pay to the complainant, or his solicitors, the sum of $150.60 in satisfaction of the full amount due to him on the mortgage, but without costs. *Page 24