## IN RE TRUSTEESHIP UNDER LAST WILL OF STEPHEN G. HARRIS.[1]

February 4, 1927.

No. 25,574.

**Under circumstances mentioned discretion of trustee was not abused by refusal to pay income to a beneficiary.**

With taxes in excess of $5,000 due on real estate held in trust and less than $3,000 in the income account, it is not an abuse of discretion for the trustee to decline to pay income to the beneficiaries, such payments not being required if they cannot be made with due regard to possibly impending charges for taxes, insurance, repairs and other maintenance demands.

Trusts, 39 Cyc. p. 331 n. 93; p. 336 n. 27; p. 388 n. 35; p. 439 n. 92.

John A. Harris appealed from an order of the district court for Hennepin county, Reed, J., denying his petition praying that the

[1]Reported in 212 N. W. 182.

Minnesota Loan & Trust Company, as trustee, pay him certain sums out of the income of a trust estate. Affirmed.

*George A. Lewis,* for appellant.

*J. M. Martin* and *J. J. Gleason,* for respondents.

STONE, J.

Appeal from an order denying a petition for an order requiring Minnesota Loan & Trust Company, as trustee under the will of Stephen G. Harris, deceased, to pay the petitioner out of the income of said estate the sum of $500 for the month of January, 1926, and a like sum on the first day of each succeeding month as long as there are funds in the income account available for that purpose.

The will devised to the trust company, in trust, a valuable property on Marquette avenue in Minneapolis. The trust provided for the petitioner an annual income from the property of not to exceed $6,000, the same to be paid "as nearly as may be in equal monthly installments on the first day of each month * * * regard being had to the necessary disbursements from said income in maintenance of said real estate," including taxes, insurance and repairs. The property is under a long time lease to the Capital Realty Company, a corporation organized for the sole purpose, it is said, of taking the lease. The lease obligates it to pay taxes, insurance and repairs but there is nothing in the record which compels the conclusion that the obligation will be met punctually as payments are required. If it is not, there will be a default. It does not follow that the trustee can be sure of enforcing the obligation promptly or at all. At the time the petition was heard the property was not producing any net income. It was mostly vacant, the only occupancy being of a warehouse on the rear of the premises. Even that was temporary.

The trustee had on hand in the income account $2,687.26, but the taxes for 1925 had just become due and remained unpaid. They amounted to $5,006.89. It was in those circumstances that the trustee declined to make additional payments to the petitioner. It avers not only that the taxes were unpaid and that the property was unproductive as already indicated, but that the lessee was carrying it at an annual loss in excess of $12,000. Hence the trustee's

conclusion that it would not have been discreet to make more payments to the beneficiaries and so reduce the cash on hand applicable to taxes in the event that the lessee should permit them to become delinquent. Whenever it is not faced by potential tax or other maintenance charges, the trustee pays petitioner the money to which he is entitled. The uncertainty of the situation prevents those payments being made monthly. That seems to be the whole burden of petitioner's complaint.

In such cases as this, the trustee is lax indeed if he does not exercise proper foresight and guard the trust against such hazards as those from which this one is being protected. It is for the trustee not only to see to the payment of taxes and other maintenance charges, but also, where reasonably possible, to provide in advance for their payment and take such measures as will in any event save the property against the liens which are sure to result unless current payments are met. The rights of the beneficiaries are subordinate to such charges. Goodwin v. McGaughey, 108 Minn. 248, 122 N. W. 6.

It is easy to conceive of cases, and this may well be one, where "care must be taken not to strip the trustee of a contingent fund upon which he may be required to draw to meet the exigencies of the trust." Eberly's Appeal, 110 Pa. St. 95, 1 Atl. 330. See also McIntosh's Estate, 158 Pa. St. 528, 27 Atl. 1044, 1047, 1048, and Hibb's Estate, 143 Pa. St. 217, 22 Atl. 882, which are cited in Neel's Estate, 252 Pa. St. 394, 97 Atl. 502, as determining simply that sufficient funds may sometimes be retained from income by the trustee temporarily "in the interest of judicious management." Such cases as this differ inherently from those where the corpus of the trust consists of approved long term interest bearing securities which insure a certain and regular income.

The legal proposition for appellant is correct that the court may right an abuse of discretion by a trustee which amounts to a violation of the trust, even though no fraud exists. But there is here no basis for the application of that rule. No abuse of discretion has been made to appear.

Order affirmed.