## IN RE TRUSTEESHIPS UNDER LAST WILL OF SHIRLEY H. DRAKE.
## JUDSON A. DRAKE v. BENJAMIN DRAKE.[1]

November 22, 1935.

No. 30,469.

[1]Reported in 263 N. W. 439.

 

*Boutelle, Bowen & Flanagan* and *R. D. Richter,* for appellant.
*Leonard, Street & Deinard,* for respondent.

I. M. OLSEN, JUSTICE.

For convenience we refer to the parties as plaintiff and defendant.

The plaintiff appeals from an order of the district court settling the account of defendant, as trustee for plaintiff under a testamentary trust created by the will of plaintiff's father, Shirley H. Drake. The defendant was also the executor under the will of Shirley Drake until the final decree in said estate was made in July, 1925. Shirley Drake died in 1917, and defendant qualified as executor of the estate in the probate court of Hennepin county soon thereafter. There was a partial distribution of the assets of the Shirley Drake estate prior to June, 1925, and the defendant, as trustee for the plaintiff, apparently cared for what was distributed to the trust for the plaintiff without any qualification in the district court until June 16, 1925. On that date he qualified as trustee in the district court. He thereafter made annual accounts to the district court as trustee, and in each of said accounts charged against the trust estate $150, under the heading of legal fees of the trustee. The plaintiff herein became of the age of 25 years in March, 1934, at which time, according to the terms of the will, the trust estate was to be paid and transferred to him. Early in June, 1934, the defendant made his final account to the district court of his trusteeship for the plaintiff. In that account, in addition to

the $150 a year charged by him as fees for the trustee, he included another item charging the trust estate with the sum of $2,099.96 as amount owing to the trustee for services as of the date of June 8, 1934, but covering the entire period of his trusteeship. The plaintiff, Judson Drake, made a number of objections to the final account so presented to the district court for allowance. After hearing and trial in the district court on defendant's application for approval of his final account as trustee, said court made quite lengthy findings of fact and conclusions of law settling and allowing the account, with certain exceptions. The court surcharged the account with the sum of $2,500 and interest thereon at the rate of six per cent per annum from the 21st of March, 1932. This represented an investment by the trustee of that amount of money in a Harvey mortgage on some Kittson county land, which the court held was unauthorized. One of the grounds for so holding was that the trustee was personally interested in the land so mortgaged. The time to foreclose the mortgage expired March 21, 1934, and the investment is now of no value. The court nevertheless allowed to the defendant the said sum of $2,099.96 fees, in addition to the $150 a year allowed annually theretofore. The court further allowed to the defendant $100 for services in connection with the hearing and trial of the objections to his account; and further allowed to him the sum of $500 as and for attorneys' fees incurred by him in connection with the hearing and trial of the plaintiff's objections to his account. The plaintiff appeals from this order and assigns as error that the court erred in allowing the additional sum of $2,099.96 as compensation to the trustee for services performed, and in allowing the additional $100 for services in connection with the hearing and trial and the sum of $500 for attorneys' fees in connection with said hearing and trial. These three items are the only ones claimed as erroneous allowances by the district court.

We are not disposed to minimize in any way the valuable services of the defendant as trustee of this estate. The court found that he had shown extraordinary skill and prudence in managing the property and that he had paid out of the income from the property something like $800 a year for the maintenance of his ward. This

amounted to about three per cent per year on the trust estate. The court further found that the corpus of the estate had been augmented by a sum in excess of $10,000 by defendant's management. All the values stated in the accounts made by the trustee are book values.

The accounts presented here do not make it clear what value was placed on the assets received and to be received from the Shirley Drake estate by the beneficiary of this trust, and we are unable to say what, if any, the actual increase was in the book value of the assets.

1. Taking up the item of $2,099.96 allowed the trustee as additional fees in his final account, the plaintiff claims that by charging and having allowed to himself $150 per year as fees in his annual accounts the trustee waived further compensation. There is some evidence to justify such a claim. The trustee testified, in substance, that this charge was made to cover the actual expense of conducting the trust; that, if the plaintiff were appreciative and friendly, he intended to waive any charges for services as this was sort of a family matter, he being an uncle of the beneficiary. The evidence is that plaintiff came to defendant's office about a month before defendant filed his final account and objected to the $2,500 Harvey mortgage. Defendant's testimony is that he then told the plaintiff, in substance, that he had intended to relinquish and waive any claim for services provided their relationship was satisfactory and plaintiff was satisfied, but that he thought plaintiff's objection and attitude were unfair and that if he attempted to hold defendant to liability in the matter then he would charge for his services. The court found that defendant acted in good faith in investing trust funds in the Harvey mortgage. In the situation shown, it was for the trial court to determine whether defendant had waived his right to the additional compensation claimed or whether he was entitled thereto. We conclude that the trial court was justified in finding the defendant had not waived his right to the compensation asked and that there was no abuse of discretion except as to one small matter.

468

2. In his computation of the amount of compensation for services the trustee charges three per cent on principal of the trust estate invested by him. This includes three per cent on the $2,500 invested in the Harvey mortgage, amounting to $75. This should not be allowed, and the allowance for services must be reduced by that amount.

3. It is urged that the entire amount charged as trustee's fees should have been disallowed. It is true that where a trustee has been guilty of fraud, bad faith, or inexcusable negligence, and thereby has caused loss to the trust estate, he should not be allowed compensation. The facts in this case do not bring it within that rule.

4. It is claimed that because this trustee, when objection was made to the Harvey mortgage, refused to concede liability and thereby made the litigation necessary, he forfeited his right to any compensation. That fact has an important bearing on the allowance of fees for services of the trustee in conducting this litigation and the allowance of attorneys' fees to the trustee. It did not require the trial court to deny compensation for prior services in managing the trust estate, and the court did not abuse its discretion in allowing compensation for such prior services, except as to the $75 item before noted.

5. Finally, it is claimed that the additional fees here claimed are excessive. We cannot so hold. There were some farm lands, urban rental property, and personal property investments in the trust. There were taxes, repairs, rentals, investments, and collections to look after over a period of more than ten years.

6. There remains the question of the allowance to the trustee for services and attorneys' fees in conducting the litigation. The trial court abused its discretion in making these allowances. As already pointed out, the trustee by refusing to concede his liability on the $2,500 mortgage item in effect brought on this litigation. To hold that he was entitled to his fees and attorneys' fees for carrying on the litigation, although as defendant, is not justified. To say to a trust beneficiary that even if he succeeds in having his trustee's account surcharged to the amount of $2,500 he must never-

theless pay the trustee's attorneys' fees and the trustee's fees for contesting the allowance of such a surcharge is unreasonable. In effect it amounts to this: That a beneficiary, who has cause to have the account of his trustee surcharged in a substantial amount, can be called upon by the trustee to face the prospect that, if he wants to litigate the question of the trustee's liability, he will have to pay not only his own but the trustee's attorneys' fees and the trustee's fees for contesting the claim, even if the beneficiary succeeds in the action. The $600 allowed for the services of the trustee and his attorneys for conducting the defense against the surcharge should not be allowed.

The plaintiff beneficiary had the right to appear and be heard in opposition to the allowance of the trustee's account. The trustee, not the beneficiary, was the proponent and brought the matter into court. The beneficiary had the right to have the account examined and surcharged as to any item or items therein improperly charged to the trust estate. His efforts in that direction were for the benefit of the trust estate. The cases cited for defendant as to allowance of attorneys' fees to trustees are not persuasive; neither are the cases cited as to apportionment of costs and attorneys' fees. Where, as here, the beneficiary has prevailed to a large extent, the rule announced in the case of In re Wentworth, 116 Misc. 260, 190 N. Y. S. 364, seems applicable. It was there held that where the conduct of the trustee resulting in loss to the estate was not prompted by any improper motive, but was done in good faith, no costs should be awarded against him, but that the fact that no costs were awarded against the trustee, because he acted in good faith, was no reason for awarding the costs of the accounting against the beneficiary.

In our own case of Andrist v. First Trust Co. 194 Minn. 209, 260 N. W. 229, it was held that where the trustee prevailed "in every respect" he was entitled to recover reasonable attorneys' fees. Inferentially the decision would have been otherwise if the beneficiaries had succeeded in materially benefiting the trust estate.

The result is that there must be deducted from the item of $2,099.96 claimed as additional trustee's fees in the final account

470

of the trustee, the sum of $75, and that the allowance to the trustee of $100 for services in connection with the hearing and trial of the case and the $500 allowed for attorneys' fees for the trustee be eliminated from the order of the trial court.

The order appealed from is reversed and the case remanded to the district court with direction to amend its conclusions of law and, if deemed necessary, its findings of fact, in accordance with this opinion.

Reversed.

[1]Reported in 263 N. W. 602.