IN RE TRUST OF WALTER BUTLER.
WALTER P. BUTLER v. BUILDERS TRUST COMPANY AND
ANOTHER.[1]

November 25, 1938.

No. 31,711.

[1]Reported in 282 N. W. 462.

*Edgerton, Green & Edgerton,* for appellant.
*Cobb, Hoke, Benson, Krause & Faegre,* for respondents.

PETERSON, JUSTICE.

Appellant as beneficiary of a trust created by Walter Butler, now deceased, brings this proceeding under L. 1933, c. 259 (Mason Minn. St. 1927 & 1938 Supp. § 8100-11, *et seq.*) to confirm the appointment of the trustees, and for an order requiring the trustees to qualify by the filing of an acceptance of the trust by the corporate trustee and an oath by the individual trustee, and the furnishing of a bond by both trustees in an amount equal to the value of the trust estate or at least $1,000,000, and that the premium on the bond be paid from the corpus, not from the income of the trust estate, requiring the trustees to file an inventory and account, directing the trustees to pay to appellant in monthly instalments the distributable income from the estate pursuant to the terms of a certain contract between him, the other beneficiaries, and the trustees, and for other relief. The settlor appointed the corporate trustee, and after his death it appointed the individual cotrustee pursuant to a power of appointment. The trustees, who were acting under the trust instrument when this proceeding was commenced, voluntarily consented to an order confirming their appointment, requiring them to file an inventory and account, an acceptance of the trust by the corporate trustee, and an oath by the individual trustee. The court ordered the individual trustee to file a bond in the sum of $50,000. The trustees have in all things com-

plied with this order. The appeal is from those parts of the order denying the application for a bond from the corporate trustee, fixing the individual trustee's bond at $50,000, directing that the premium on the bond furnished by the individual trustee be paid from the income, not from the corpus of the estate, denying an order directing the trustees to pay the income from the estate in monthly payments, and denying an order that the trustees pay the expenses of resisting these proceedings individually and not out of the trust estate.

On June 18, 1920, Walter Butler executed a trust agreement by which he transferred to the corporate trustee certain property in trust. On November 29, 1921, a supplemental agreement was executed under which additional property was transferred in trust, and on April 14, 1930, he executed a certain declaration of intention. The present value of the trust estate is approximately $1,060,000, to which is to be added approximately $250,000. By the terms of the trust appellant is to receive out of the net income $5,000 per year and in addition one-half of the excess of the income over $10,000 per year, the balance of the income to be accumulated and added to the principal. Out of such accumulation the trustees are directed to pay to appellant $50,000 at the expiration of 10, 20, and 30 years from the date of the trust agreement. Provision is made for the termination of the trust and the distribution of the trust estate to the children and grandchildren, if any, of the settlor. The trust deed provides in section 16:

"Any trustee may be required to give a good and sufficient bond with a surety company qualified under Minnesota law as surety thereon, conditioned for the faithful performance of his duties, in an amount not to exceed the value of the property in trust, and in such case the premium shall be paid out of the trust estate."

And in section 12:

"There shall be paid out of and deducted from the gross income all expenses incurred in the administration and protection of the trust estate, all taxes, and the compensation of the Trustees."

The corporate trustee was organized as a trust company under 2 Mason Minn. St. 1927, §§ 7726-7740, by Walter Butler. Since its organization it has been under the control of the Walter Butler family. It has a capital of $200,000 and a surplus of $20,000, with 2,000 shares of capital stock, of which Walter Butler owned 1,160 shares, appellant 810, and three directors 10 shares each. It has on deposit with the state treasurer the reserves required by statute and is subject to supervision and examination by the commissioner of banks. The settlor created other trusts which, including the one here involved, aggregate $4,800,000, the administration of which constitutes the business of the corporate trustee.

■ A corporate trustee cannot be required to give bond as trustee for the reason that 2 Mason Minn. St. 1927, § 7733, provides that a trust company "may act  *  *  *  as a trustee  *  *  *  and may accept and perform any other lawful trust conferred by any court, or by any corporation or individual. In the acceptance and performance of any such trust, no oath or security shall be required." In express language this section provides that no bond shall be required of a trust company in the acceptance and performance of any trust conferred by any individual. The instant case involves such a trust. Other provisions of the statute give significance to the quoted portion. Section 7728 provides for the deposit of securities with the state treasurer, which is 25 per cent of the amount of the capital where the capital is $200,000, which "shall be maintained unimpaired as a guaranty fund  *  *  *  for the faithful discharge of its duties." Under § 7730 a trust company may become sole surety upon any bond without justification. National banks are authorized to qualify under the statute as fiduciaries in the same manner as trust companies, and the statute provides that they shall not be required to give oath or bond when acting as a fiduciary. § 7727. Trust companies are subject to supervision by the commissioner of banks, §§ 7728, 7742, and the jurisdiction of the district court as to all trusts assumed by them. § 7741. It seems quite clear, as we said in Minnesota L. & T. Co. v. Beebe, 40 Minn. 7, 10, 41 N. W. 232, 233, 2 L. R. A. 418, that the statute deems the deposit of the securities with the state treasurer and the safeguards

placed around the organization and management of trust companies to insure the faithful execution of all trusts assumed by them as "an equivalent for the bond and oath required of natural persons." We are not concerned with the wisdom or expediency of the statute. Since no bond can be required of a corporate trustee, section 16 of the trust instrument is not to be construed as so providing. The provision is permissive and is to be construed in the light of this and other facts. The language itself suggests that it applies only to a natural person and not to a corporation. The settlor was familiar with the statute that no bond shall be required of a corporate trustee. He did not demand a bond from the corporate trustee when he created the trust. It is not indispensable that a trustee give bond. The statute or the terms of the trust may provide that no bond shall be required of the trustee for the faithful performance of the trust. 1 Bogert, Trusts and Trustees, § 151. A bond may be required of the individual, but not of the corporate, trustee.

■ Nor can a bond be required of the corporate trustee under 2 Mason Minn. St. 1927, § 8090(5), which authorizes the district court to appoint trustees and require them to give bond. This section was enacted as L. 1875, c. 53. It did not apply to corporate trustees because there were none at the time of its enactment. Section 7733 was enacted eight years later as part of paragraph Fourth, § 9, c. 107, L. 1883, authorizing the incorporation of trust companies. See In re Trusteeship Under Will of Jones, 202 Minn. 187, 277 N. W. 899. The legislative intention was to provide by § 8090(5) a general rule for trustees and by § 7733 a special rule applicable only to corporate trustees. Being the later enactment, § 7733 prevails over § 8090(5). State ex rel. Effertz v. Schimel-pfenig, 192 Minn. 55, 255 N. W. 258. Having been brought forward in their original form in the various statutory revisions, these sections retain their original meaning. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8961; In re Trusteeship Under Will of Jones, *supra;* Wenger v. Wenger, 200 Minn. 436, 439, 274 N. W. 517.

■ The amount of a trustee's bond is in the sound discretion of the court and should be reasonable in view of the value of the property and other circumstances. Palmer v. Dunham, 53 Hun

(N. Y.) 637, 6 N. Y. S. 262. The $50,000 bond would be entirely inadequate where, as here, the trust estate exceeds $1,250,000 in value if that were the only circumstance to be considered. While each trustee by the terms of the trust indenture is liable only for his own acts and defaults, the trustees have adopted a rule, pursuant to power so to do in section 23 of the trust indenture, for the management of the trust estate, providing for the joint possession and control of the trust property. The securities are physically segregated and kept in a safety deposit box accessible only jointly by the individual trustee and by an authorized officer of the corporate trustee. The cash is in a joint bank account withdrawable only upon the joint signatures of both trustees. While it might be possible for the individual trustee to circumvent the arrangement which the trustees have made for the safekeeping of the trust assets, the fact remains that the trust property is in the possession and subject to the control of the corporate as well as the individual trustee. There is no suggestion of distrust or danger of loss by the individual trustee nor has his conduct been criticized. In view of the statutory assumption that the undertaking of a corporate trustee is equivalent to a bond, the arrangement of the trustees itself is security for the protection of the beneficiary. That a deposit with a trust company without bond is deemed secure is recognized by the arrangement which may be made in a somewhat similar situation by order of court under § 7734 for the deposit with a trust company of trust securities by a trustee subject to withdrawal on the countersignature of the judge in lieu of additional bond by such trustee. We cannot say that the court abused its discretion in not requiring a larger bond of the individual trustee.

■ The premium on the individual trustee's bond was properly ordered to be paid out of income. Appellant contends that it should be paid out of the corpus of the trust because the language in section 16 of the trust instrument is that if such a bond is required it shall be paid out of the trust estate. But that language is to be construed with section 12, which provides that all expenses incurred in the administration and protection of the trust

estate shall be paid out of and deducted from the gross income. Premiums on the bond of the trustee are an expense of administration. 26 R. C. L. 1382; Parkhurst v. Ginn, 228 Mass. 159, 117 N. E. 202, Ann. Cas. 1918E, 982, and note 989. Income is part of the trust estate until it is distributed. While section 16 authorizes the payment of the premium on the bond out of the trust estate, section 12 definitely allocates the charge to the gross income.

■ Appellant claims that the net income of the trust is payable to him monthly by the terms of a contract between him, the other beneficiaries, and the trustees, which provided in part:

"The discretionary powers of the trustee or trustees * * * will be so exercised as to pay to the beneficiary * * * the full amount permitted to be paid by the terms of the trust in monthly instalments."

Since we do not deem it necessary to pass on the question, we assume the validity of the contract. Appellant admits that each year he received $1,000 per month and an additional $5,000 in a lump sum and that he has received all sums due him in the past amounting approximately to $301,000 between 1920 and 1937. While he admits that he received monthly payments of income, he contends that he has not received equal monthly payments of the entire distributable income. The failure to pay the entire distributable income in equal monthly instalments, standing alone, it is urged, shows a breach of the contract. The full amount permitted to be paid by the terms of the trust, which by the contract is to be paid in monthly instalments, is the net income, which is distributable only after it has been ascertained. Because of deductions for taxes, expenses, and other charges, the income has been paid under an arrangement admitted by the trustees to be more or less arbitrary, whereby an adjustment has been made at the end of each year when the deductions were made from the gross income. The net balance due upon the adjustment was paid within a short time thereafter. It is the duty of the trustee to pay the income to the beneficiary according to the terms of the trust and the contract. He has no right to retain the income or withhold payment. But

there can be no distribution of income unless there is income to be distributed. In re Trusteeship Under Will of Harris, 170 Minn. 134, 212 N. W. 182; Scott's Estate, 215 Pa. 353, 64 A. 549. The beneficiary has failed to show that the income, much less the net income, was available for distribution in equal monthly instalments. There is no showing when or how the income was received, although the inference is permissible that there was income out of which to make the payments which were actually made and something additional for the adjustment at the end of the year. But this is quite different than saying that the income was received by the trustees and that the deductions from the gross were ascertainable so as to make practicable a distribution of the entire net income in monthly instalments. The testimony is that there were monthly payments of $1,000 and that the $5,000 lump sum was distributed "sometime during the year as the income comes in" and that the balance due upon the adjustment at the end of the year "was paid later as the cash was on hand for making the payment." The record is entirely silent as to what deductions should be made from gross income much less that such deductions could be ascertained in advance. It is not claimed that the trustees threaten or intend not to pay the net income pursuant to the contract. Since there was no adequate showing, the appellant was not entitled to the relief demanded. The order denying such relief permits future consideration of the question if that should appear proper. This is all that appellant is entitled to under the circumstances.

■ The trustees consented to part of the relief and were successful in resisting those portions of the petition involving the furnishing of additional bonds, the payment of the distributable income in equal monthly instalments, and that the trustees personally pay the expenses of this litigation. The expenses of the litigation were necessary and incurred in good faith. The trustees are entitled to reasonable attorneys' fees incurred in good faith for the necessary defense of proceedings affecting the administration of the trust. Andrist v. First Trust Co. 194 Minn. 209, 260 N. W. 229.

Affirmed.