## NEWELL et al. v. PHILLIPS PETROLEUM CO. et al.

### No. 2778.

Circuit Court of Appeals, Tenth Circuit.

Aug. 14, 1944.

Harry O. Glasser, of Enid, Okl., and Henry S. Johnston, of Percy, Okl., for appellants.

Rayburn L. Foster, of Bartlesville, Okl. (Don Emery and D. E. Hodges, both of Bartlesville, Okl., and E. G. DeParade, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

A. Mae Newell owned 22 lots in Armourdale Addition to Oklahoma City, Oklahoma. She executed an oil and gas lease covering the premises which contained the conventional royalty provision of 1/8th of the oil and gas produced. By various assignments, Phillips Petroleum Company acquired lease; and it was consolidated or communitized for oil and gas purposes, which had the effect of limiting the royalty rights of A. Mae Newell in the entire area to 11/12ths of 1/8th royalty interest. In December, 1930, Phillips completed a producing well on the premises. A. Mae Newell sold and conveyed to a third person her royalty interest in the well, effective January 1, 1935. A. Mae Newell joined by her husband John Q. Newell, instituted this action against Phillips and Standish Pipe Line Company. The purposes of the action were an accounting for oil and gas produced from the well, damages for the wrongful conversion of oil and gas taken from the well, and damages against Phillips for failure diligently and prudently to operate the well. Defendants prevailed, and plaintiffs appealed.

The issues tendered by the amended complaint on which the case was tried were broad in scope, but the case here falls within a relatively narrow compass. The primary contention advanced for reversal of the judgment is that Phillips failed to operate the well in a prudent manner prior to April 10, 1933, resulting in damage to A. Mae Newell. Beginning in 1931, the Corporation Commission of Oklahoma entered certain proration orders from time to time in which it fixed the maximum quantities of oil which could be taken from the wells, respectively, in the Oklahoma City field, but all of the orders entered prior to April 10, 1933, were determined to be void. H. F. Wilcox Oil & Gas Co. v. Walker, 168 Okl. 355, 356, 32 P.2d 1044. Though subsequently determined to be void, about ninety per cent of the operators in the field, including Phillips, complied with the orders of proration. It was conceded in the trial court that the orders entered after April 10, 1933, were valid and effective and that there was no basis for recovery of any oil produced during that time. The well in question was high on the structure. Phillips drilled more than thirty wells in the field. Twenty-two in the general vicinity of this well were below it on the structure. They averaged more in production than did this well. This well was operated intermittently. It was closed down part of the time. It was the duty of Phillips to operate this well prudently and with reasonable diligence. The relationship of the parties created an implied obligation to do so. Its duty in that respect was not affected in any manner by its ownership of other wells in the vicinity. And its failure to discharge that duty, whether motivated by its interest in wells located lower on the structure, or otherwise, would render it liable in damages for any injury suffered by the owner of the royalty interest. Operating a well prudently and with reasonable diligence means the doing of that which an experienced operator of ordinary care and prudence would do in the same or similar circumstances, or the failure to do that which such an operator would not do in the same or similar circumstances, having due regard for the rights, interests, and advantages of both lessor and lessee. Much evidence, including testimony given by experts, was introduced at the trial in respect to conditions existing in the field and to the manner of operation of this well during the period involved. Broadly, the evidence related to gas-oil ratios in the operation of producing wells, the widely fluctuating ratio of this well, production, particularly in Oklahoma and Texas, commodity demands, available markets, price levels, and other factors. There is no need to review the evidence at length. It is enough to say that it presented material issues of fact

for the trial court. The court found that from December 21, 1930, to January 1, 1935, this well produced 463,311 barrels of oil; that from January 4, 1931, to April 10, 1933, it was operated in compliance with the proration orders of the Commission, and that Phillips accounted to A. Mae Newell for her interest the oil produced during that period; that the well was high on the structure on a facing fault; that a comparison of the production from it with that of the adjacent wells, their respective and relative locations in distance and structure considered, failed to disclose or show that there had been any appreciable drainage of oil from the lease; that by May, 1933, the production of the well had decreased to a large extent; that there were numbers of wells on adjacent leases, the unrestricted operation of which would have materially affected the capability or capacity of this well to produce; that there was no basis for the belief that the well would have produced more oil under conditions of unrestricted operations in the field than the actual production under restrictions imposed by the Commission; that from the time of the completion of the well to April 10, 1933, there was a surplus of oil in Oklahoma and in the United States; that large quantities were in storage in Oklahoma and in the United States; that there was not available tankage for storage during most of the period; that purchasers for storage in Oklahoma were unwilling to buy or would buy only at low prices which would not permit the operator to realize a profit from the production of oil; and that, though the proration orders entered during that period were void, there existed sound reason for the exercise of the authority of the Commission to curtail production in the Oklahoma City field. And from these findings, the court concluded that Phillips produced oil from the well prudently and with reasonable diligence. The findings are supported by substantial evidence. They are not clearly erroneous, due regard being had for the opportunity of the trial court to see and judge of the credibility of the witnesses. Therefore they cannot be overturned on appeal. Prudential Ins. Co. v. Carlson, 10 Cir., 126 F.2d 607. Since there was no failure to operate the well in a prudent manner and with reasonable diligence, it follows that plaintiffs did not suffer any injury for which Phillips is liable in damages.

It is urged that the court improvidently denied recovery for the balance due for royalty gas taken from the well. Plaintiffs tendered requested findings of fact that the average price of wet gas produced during the period involved was two cents per 1000 cubic feet, as metered at the mouth of the well; that computed on that basis, Phillips was indebted to plaintiffs in the total sum of $2360.67; that $723.93 had been paid to them; and that they were entitled to recover the balance, $1633.74. But the court found that there was no evidence of the value of the gas, and the record supports the finding. The measure of recovery for the gas was the market value of such gas, less the amount already paid. And in the absence of any evidence establishing value, the court properly denied recovery.

Long in advance of the trial, plaintiffs filed in the cause 352 interrogatories in discovery and accounting, with the request that the defendants make joint and separate answers to them. The court required the defendants to answer some of the interrogatories but not others. That action is challenged. Rule of Civil Procedure 33, 28 U.S.C.A. following section 723c, authorizes any party to an action to propound interrogatories to an adverse party, provides that objections to any of such interrogatories may be presented to the court, and further provides that answers shall be deferred until the objections are determined, which shall be as early as is practicable. While the rule should be accorded a liberal rather than a narrow interpretation, still the trial court is vested with reasonable discretion in determining whether a party is entitled to have interrogatories answered, and the action of the court in respect thereto will not be disturbed except in case of abuse of the discretion. Some of the interrogatories to which the court sustained objections appear on their face to be wholly immaterial, some cumulative, some onerous, and some unreasonably burdensome. On the whole, it cannot be said that the court abused its discretion in determining that they should not be answered.

The judgment is affirmed.