## CRUTCHER et al. v. JOYCE et al.

### No. 2936.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1945.

Rehearing Denied Feb. 5, 1945.

James W. Crutcher, of Ridgetop, Tenn., Jack P. White, of Nashville, Tenn., and J. M. Hervey, of Roswell, N. M. (Hervey, Dow, Hill & Hinkle, of Roswell, N. M., on the brief), for appellants.

James W. Stagner, of Carlsbad, N. M. and O. O. Askren, of Roswell, N. M. (G. T. Watts, of Roswell, N. M., on the brief), for appellee J. F. Joyce.

Caswell S. Neal, of Carlsbad, N. M., on brief for appellee Ella Joyce.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is the second appeal in this case. See Crutcher v. Joyce, 10 Cir., 134 F.2d 809. The facts in the controversy are recited in detail in our former opinion and only such reference will be made to them as is necessary to a consideration of the questions presented by this appeal. This litigation involves three trusts which were created by J. A. Joyce for the benefit of three of his children, Mattie Joyce Crutcher, Docia Joyce White, and Ella Joyce. His son, appellee J. F. Joyce, was trustee of all three trusts and as such was charged with their administration.

As pointed out in our former opinion, the Ella Joyce Trust was created subsequent to the other two trusts, and consisted in part of assets which were transferred from the Crutcher and White Trusts. The original complaint attacked the validity of these transfers and sought to recover these funds from the Ella Joyce Trust for the benefit of the Crutcher and White Trusts. The complaint also charged the trustee with mismanagement of the trust property and sought an accounting. Motions were filed by both the trustee and Ella Joyce to dismiss the complaint as to the cause of action asserted against the Ella Joyce Trust. These motions were sustained. Motions were also filed by the trustee and Ella Joyce to strike numerous allegations from the prolix complaint. These were generally sustained and permission was given to file an amended complaint omitting the stricken portions of the original complaint. This was done. An appeal was taken from the judgment of the trial court dismissing the asserted cause of action against the Ella Joyce Trust. We reversed, holding that the complaint stated a cause of action in this respect, and remanded the case for trial upon the merits. This appeal challenges the conclusions reached by the trial court upon the merits.

 The court refused to allow a recovery of the amount which was transferred from the Crutcher and White Trusts to the Ella Joyce Trust at the time it was created, on the ground that they, the beneficiaries, had consented to the transfer and also that they were barred from asserting a claim on account of laches. Whether they had voluntarily and understandingly consented to the transfer of these funds was one of the controverted facts in the case. The evidence is in conflict. There is, however, abundant testimony supporting the finding of the trial court in this respect. It would serve no useful purpose to set it out in detail and would only unduly extend this opinion. The finding of the trial court, being supported by substantial evidence, is approved.

 The court refused to surcharge the trustee with the increased tax liability which resulted in 1943 when the trustee was surcharged with the difference between the earnings on the stock of the National Livestock Company from 1937 to 1943 and the six per cent which the notes held by the estate bore. It is, of course, true that the addition of this increased income in 1943 resulted in a somewhat increased tax for that year. Had this income been returned in each of the years from 1937 to 1943 it would have resulted in a decreased tax in 1943 and in a somewhat larger tax for each of the preceding years. This was a complicated accounting, extending over a considerable number of years. It involved many factors and required the exercise of extensive equitable discretion and consideration by the trial court. It is doubtful if such an accounting can ever be cast in a perfect mold. The trial court had the benefit of many facts and circumstances which are not available to us. In the light of all the circumstances we cannot say that the court abused its discretion in the manner in which this item was handled or that its judgment in this respect resulted in any substantial detriment to the trusts.

 We think the court erred in assessing all costs, including the trustee's

attorneys' fees, against the three trusts. It does not follow as a matter of course that costs are allowed to the successful party in an equity proceeding. In Mc-Closkey v. Bowden, 82 N.J.Eq. 410, 89 A. 528, 529, the court said:

"The award of costs in equity resides in the sound discretion of the court, except where the statute otherwise directs. The language of Vice Chancellor Grey in Riley v. Fithian, 64 N.J.Eq. 259, at page 262, 54 A. 143, at page 144, is pertinent to the situation existing in this cause. He said: 'In equity costs are not necessarily awarded to the successful party in the final decree. * * * The complainant, if successful in the cause, may appeal to the fact that the defendant contested the suit, with previous warning of the legal basis of the complainant's claim, as a justification for the allowance of costs.'

"The rule works e converso, and, as the complainant may recover costs against the defendant who has been warned to do his duty before suit brought, so a complainant who has received a bona fide offer of a proper settlement before bringing suit, but who brings suit more or less vexatiously, will not, in a court of conscience, where the matter is discretionary, be allowed either costs or counsel fee against a defendant who is adjudged to pay practically the sum which, before the bringing of suit, he had accounted for and offered to pay."

In Re Drake's Will, 195 Minn. 464, 263 N.W. 439, 442, 101 A.L.R. 801, it was held that it was an abuse of discretion to allow attorneys' fees to a trustee in an action in which he was surcharged with liability on a transaction in which he had a personal interest, even though he was not guilty of fraud or bad faith. The Court said:

"The trial court abused its discretion in making these allowances. As already pointed out, the trustee, by refusing to concede his liability on the $2,500 mortgage item, in effect brought on this litigation. To hold that he was entitled to his fees and attorneys' fees for carrying on the litigation, although as defendant, is not justified. To say to a trust beneficiary that, even if he succeeds in having his trustee's account surcharged to the amount of $2,500, he must nevertheless pay the trustee's attorneys' fees and the trustee's fees for contesting the allowance of such a surcharge, is unreasonable. In effect it

amounts to this: That a beneficiary, who has cause to have the account of his trustee surcharged in a substantial amount, can be called upon by the trustee to face the prospect that, if he wants to litigate the question of the trustee's liability, he will have to pay not only his own but the trustee's attorneys' fees and the trustee's fees for contesting the claim, even if the beneficiary succeeds in the action."

We think these two cases state the correct rule which should be applied to the consideration of costs and attorneys' fees in this case.

■■ We cannot agree with the findings of the trial court that the trustee's mistakes were purely technical and legal. The court's findings are entitled to great weight, but when, as here, there is no dispute in the evidence, it is within the province of this court to draw its own legal conclusions therefrom. The setting within which these trusts are cast is recited in detail in our former opinion. The father was old, and inexperienced in business. He had inherited this large estate from his brother in New Mexico. The trustee had been associated with his uncle in this business for years. His sisters, the beneficiaries of these trusts, were housewives, without business experience. They all had explicit confidence in his honesty and business judgment. His father relied implicitly upon him in arranging his estate. Certainly he profited personally from these challenged transactions. It is difficult for us to believe that the trustee, the astute business man that he is, failed to realize that charging the trust funds in his own favor with the amount of the Witt note and ten per cent interest, and later crediting the trust account with a collection of the Witt note at only six per cent interest was beneficial to him; or that reducing the interest on his personal notes, as well as those of his wife, from six to five per cent, resulted in a saving to him and in a corresponding loss to the estates; or that failing to pay interest, which he and his wife owed, annually, and accumulating it over a number of years until it amounted to more than $14,000, was not detrimental to the estates in that it placed the income tax in a higher bracket; or that being able to take this sum as a lump sum deduction of interest paid in one year was not beneficial to the Joyce family.

The National Livestock Company was owned by the trustee and his family. He

must have realized that when he exchanged the notes which he and his wife personally owed to the trusts for stock in his own company at $330.00 per share, that it was a highly satisfactory transaction for the Joyce family. It resulted in a net profit to them of slightly more than $100,000. Nor is it a defense for him to say that the stock was worth that on the basis of the assets of the company. These trusts were income trusts. The notes were earning six per cent. While the stock was paying ten per cent dividend on a par value of $100.00, this exchange reduced the annual income of the trusts approximately fifty per cent and relieved the trustee and his wife from the payment of any interest.

The court's findings of fact do not reveal the amount of recovery allowed against the trustee on account of his legal liability on these transactions. In the process of settlement the trustee resigned and paid the full amount of the trust estates into court. The judgment of the court includes the corpus of the estates, as well as the amounts for which the court found the trustee liable on account of these transactions. But the amount for which recovery was allowed was substantial. Under these facts, it is difficult for us to see the theory upon which the trial court absolved the trustee from liability for any part of the cost of the litigation and assessed the entire amount of his attorneys' fees and the costs against the trusts.

Both the original complaint and the amended complaint challenged the Witt note transaction, the reduction of the interest on his personal notes and those of his wife from six to five per cent, the corporate stock transaction, and the accumulation of a number of years of interest in one tax year. Nowhere in the answer did he admit liability for any of these transactions. He did allege in his answer that he had been willing to repurchase the corporate stock and had attempted to make a settlement or liquidation of the trust, but that on account of the unreasonable demands of plaintiffs' attorneys, a settlement was impossible. He alleged that in the event that the stock transaction was disaffirmed he stood ready to pay to a succeeding trustee the purchase money for the stock, adjusted to a five per cent interest rate. This condition he had no right to impose. He owed six per cent. We think that the only fair interpretation of his

answer in light of all the surrounding circumstances is that he resisted the right of the beneficiaries to recover anything on account of any of these transactions which he as trustee had had with himself. They were therefore justified in employing counsel to compel him to restore to the trusts what rightfully belonged to them. We feel that he should bear all necessary costs of compelling payment to restore that which he had taken and which of right belonged to the trusts. It is true that complainants in their complaint made demands upon him as trustee of the three trusts which he could not grant, and which it was his duty to defend against. He should not be compelled to pay the costs of this part of the litigation, any more than the trusts should bear that portion of the costs necessarily incurred in restoring to the trusts that which belonged to them. Had he tendered into court what rightfully belonged to the trusts, or evidenced a willingness to account therefor, he could go hence without cost, but, having failed to do this, he must bear a fair share of the costs.

The court assessed all costs, including the trustee's attorneys' fees, in the sum of $7,500, against the three trusts in equal parts. Ella Joyce has not appealed, and the portion of costs, including the attorneys' fees, assessed against her estate, is not before us. This appeal, then, involves $5,000 of the trustee's attorneys' fees and two-thirds of the court costs, all of which was assessed against the Crutcher and White Trusts. We think a fair and equitable division of the costs of this litigation would be to require the trustee to pay the balance of $5,000 of his attorneys' fees, and that the two-thirds of the costs assessed against the Crutcher and White trusts should be assessed equally against him and the two trust estates.

The decision of the trial court is reversed in the matter of the assessment of costs and attorneys' fees, and the cause is remanded with directions to enter judgment in conformity with these views. In all other respects, the judgment of the trial court is affirmed.

BRATTON, Circuit Judge (dissenting in part).

I am unable to concur in that part of the opinion of the majority holding the trustee liable for part of the attorneys' fees and costs. The rules relating to a trustee dealing with himself in respect of

trust property are well understood. But these were essentially family trusts, and it was intended and understood from the start that the trustee would use the funds constituting the trust estates in connection with his individual business activities. That was contemplated by all parties in interest from the very outset.

The complaint and amended complaint each contained many sweeping charges of faithless conduct on the part of the trustee, but the major issues in the case were the validity of the transfers of funds from the Crutcher and White trusts to the Ella Joyce trust, and the investment of trust funds in stock of the National Livestock Company. The other questions were minor in importance. The trial court upheld the validity of the transfers of funds to the Ella Joyce trust, and that determination is being sustained by this court. In respect of that issue, the litigation was improvidently begun. While denying any misconduct in the investment of trust funds in the stock of National Livestock Company, the trustee virtually consented that the transactions be disaffirmed and the money restored to the trust estates, and that was done. There was no finding of bad faith on the part of the trustee, either in the transfers of the funds to the Ella Joyce trust or in the investment of funds in the stock of the National Livestock Company. Indeed, there was no finding of bad faith on his part from beginning to end. Instead, the trial court expressly found that he had kept full and complete books of account; that he acted throughout in the utmost good faith in all transactions affecting the trusts; and that he sought at all times to carry out the wishes of the father, and of the creators of the trusts. These findings are supported by substantial evidence and are not plainly erroneous. Therefore they should not be overturned on appeal. Prudential Insurance Co. v. Carlson, 10 Cir., 126 F.2d 607; Newell v. Phillips Petroleum Co., 10 Cir., 144 F.2d 338; Davies v. Lahann, 10 Cir., 145 F.2d 656.

The trustee has acted for more than twenty years. Throughout that time he furnished the ability, skill, and energy in the management of the trusts for the accomplishment of the purposes for which they were created. And he has served without charge, compensation, or remuneration. Even so, under the opinion of the majority he is now to be penalized for part of the attorneys' fees and costs incurred in the litigation. That squarely contravenes the applicable rule of law in a case of this kind. Buder v. Franz, 8 Cir., 27 F.2d 101, certiorari denied, 273 U.S. 756, 47 S.Ct. 459, 71 L.Ed. 876; Gray v. Union Trust Co. of Indianapolis, 213 Ind. 675, 12 N.E.2d 931, modified in respect of a matter not material here, 14 N.E.2d 532; Butler v. Builders Trust Co., 203 Minn. 555, 282 N.W. 462, 124 A.L.R. 1178. I think that the judgment should be in all respects affirmed.